## GLENNY *v.* LANGDON.

Where a party prosecutes a suit as a representative creditor, and the other creditors, until notice to the contrary, have the right to rely upon him to protect their interest in the subject-matter of the litigation, a notice by the appellees of a motion to dismiss an appeal where he is the appellant, served upon counsel representing him and the other creditors, is insufficient and irregular, if it does not specify the time when such motion will be made, although he may have entered into a stipulation with the appellees consenting to a dismissal of the appeal on their paying the costs.

MOTION to set aside an order dismissing an appeal from the Circuit Court of the United States for the Southern District of Ohio.

*Mr. J. L. Miner* for the appellant, in support of the motion.

*Mr. Stanley Matthews, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The bill in this case shows upon its face that the suit was prosecuted by Glenny as a representative creditor, and that the other creditors named had the right to rely upon him for the protection of their interest, until notice to the contrary. On Saturday, the 13th January, Glenny, at Cincinnati, Ohio,

entered into a stipulation with the defendants, consenting to a dismissal of the suit on their paying the costs. A copy of this stipulation was, on the same day with its execution, served, at Cincinnati, on the counsel representing the complainant and those interested with him in the litigation, accompanied by a notice that a motion had been filed to dismiss the appeal in accordance therewith; but no time was named for the hearing. On the same day, the counsel for the defendants forwarded the stipulation to the clerk, with the request that it be docketed in accordance with the practice of the court. In the letter transmitting the motion it was intimated that there might be opposition, and in that event a request was made for notice, and information as to the practice in such cases.

On Tuesday, the 16th of January, the stipulation was presented to the court by Mr. Carpenter, at the request of the clerk, made upon the authority of the letter transmitting it, and the suit was dismissed. On Monday, the 15th January, the counsel for the complainant wrote the clerk from Cincinnati, asking him not to delay printing the record on account of the motion, and intimating that the motion would not be sustained. A memorandum was made upon this letter by the clerk, to the effect that he replied on the 20th January, giving notice of the dismissal on the 16th. The letter of the clerk in reply did not reach the counsel, and he had no notice of what had been done until about the first of this month, and immediately thereafter the present motion was made.

Under the circumstances, we think the motion to dismiss was improvidently granted, and the order to that effect entered Jan. 16, is, therefore, set aside. The notice of the motion was insufficient and irregular, as it designated no time for the hearing. It is evident, also, that the counsel for the complainant supposed, as he properly might, that he was to have further information of the time when the motion would be called up. No other questions argued upon the present motion are decided, but the cause is reinstated, and the parties placed in the same condition they would be if the order of dismissal had not been entered.                              *Motion granted.*