OLNEY (CHAPPELLE v.). See Case No. 2,613.

OLNEY (DESPAN v.). See Case No. 3,822.

---

## Case No. 10,506.

### OLNEY v. TANNER et al.

[19 N. B. R. 178.] [1]

District Court, S. D. New York. Feb. 20, 1879.

BANKRUPTCY—JURISDICTION OF DISTRICT COURT— SUIT BY OR AGAINST ASSIGNEE—PROCEEDINGS IN STATE COURT—RECEIVER.

1. District courts have jurisdiction, under section 4979, of a suit by or against an assignee

---

[1] [Reprinted by permission.]        [1] [Reprinted by permission.]

whenever he is a necessary and proper party, although other persons may be joined.

2. About six months prior to the commencement of the proceedings in bankruptcy, the bankrupt made a voluntary assignment. Plaintiff was afterwards, and before the filing of the petition, appointed receiver of the bankrupt in certain proceedings supplementary to execution in the state court. In a suit brought against the bankrupt, the voluntary assignee and the assignee in bankruptcy to set aside the voluntary assignment, as void under the state law for noncompliance with the statutory requirements, and as void as to creditors on the ground that it was void in fact, *held*, that the district court had jurisdiction; that the receiver was a person claiming an adverse interest within the meaning of the statute; that the assignment, being one void in fact or by force of express statute, was not within the limitation of three months, and the property covered thereby and in which such interest was claimed was "property transferable to or vested in the assignee"; and that all persons having an interest therein to be affected by the decree were properly joined as defendants.

[This was a bill in equity by James B. Olney, receiver, etc., against Wilson P. Tanner and others. Heard on demurrer.]

Norwood & Coggeshall, for complainant.
J. I. & F. Werner, for defendants.

CHOATE, District Judge. This is a demurrer to a bill in equity. The complainant is the receiver, appointed August 15, 1877, in supplementary proceedings upon an execution issued under a judgment recovered by one Seaman against the defendant Swartwout. A petition in bankruptcy was filed against Swartwout, September 11, 1877, on which there has since been an adjudication, and the defendant Sayre has been appointed his assignee in bankruptcy. March 28, 1877, Swartwout made a voluntary assignment to the defendant Tanner of personal and real property, nominally for the benefit of his creditors, which assignment the bill alleges to be actually void, under the laws of New York, for noncompliance with certain requirements of statute, and also void as against creditors, on the ground that it was void in fact.

The bill is brought against the bankrupt, his assignee in bankruptcy, and the voluntary assignee, and seeks to have the voluntary assignment declared void, and to have the property applied to the satisfaction of the judgment under which the complainant was appointed receiver. The bill now demurred to is an amended bill. The original bill was demurred to, and the point especially relied upon by the defendants was that, under section 4979, this court has jurisdiction of a suit by or against an assignee only where the assignee is sole plaintiff or sole defendant; and the demurrer was overruled on the ground that such was not the true construction of the statute, but that the jurisdiction was granted whenever the assignee was a necessary or proper party to such a suit and was a party, although other persons might be joined. While there are some dicta of the courts possibly sustaining the view of

the statute contended for by the defendant's counsel in this respect, the evident purpose of the grant of jurisdiction, as well as the language used, clearly requires the other construction. The evident purpose of the enactment was to secure to assignees the right to have controversies between themselves, as assignees, and parties claiming adversely to them, determined in the federal courts. And this is equally an important right or privilege, if, from the nature of the controversy, there happens to be some other person who, as well as the assignee, is a necessary or proper party to the full determination of the same controversy. Nor is there, as it seems to me, the same reason for a restrictive construction of this act in this respect as existed with reference to the statutes giving jurisdiction to the federal courts on the ground of the citizenship of the parties.

The point chiefly urged in support of the present demurrer is that this is not a suit by a party claiming an adverse interest touching property or rights transferable to or vested in the assignee; that it is, in fact, a suit by a creditor claiming a lien on the property of the bankrupt to enforce that lien, and that no such suit will lie, because, pending the question of the discharge, no creditor can sue the bankrupt, and because no person but the assignee can sue to recover property fraudulently assigned by the bankrupt; and defendants' counsel cites and relies on the case of Glenny v. Langdon [94 U. S. 604] decided in the supreme court of the United States at the present term That case is conclusive that no creditor can, after the appointment of the assignee, maintain a suit to set aside a fraudulent assignment, even though the assignee refuses to proceed to recover the assigned property, vested in the assignee by force of the bankrupt law [14 Stat. 517] as the property assigned in fraud of creditors; that the creditors' remedy is in the bankrupt court, to sue or to procure his removal for misconduct. A creditor, even though he has a lien acquired before the bankruptcy, is not—it may be well conceded—a person claiming an adverse interest within the meaning of this section of the statute, and the rights of creditors in respect to such liens are otherwise carefully provided for in the statute; and certainly a suit against the bankrupt and his assignee, without leave of the bankrupt court, is not the remedy appointed for him by the statute. This, however, is not the case of a creditor suing to enforce a lien, although the ultimate result of the suit may be the satisfaction of a lien which the creditor has acquired. Upon the appointment of a receiver by authority of a court of competent jurisdiction, the title to the property of which he is appointed receiver vests in him in trust. Porter v. Williams, 9 N. Y. 142. While further proceedings may be necessary to actual manual possession of it, he has instantly something more than a lien; he has the title. See Sedgwick v.

Menck [Case No. 12,616]. This was, on the averments of the bill, the state of facts at the commencement of the bankruptcy proceedings, and it seems to me that the receiver is a person claiming an adverse interest within the meaning of the statute. It remains to consider whether the property in which he claims this interest is "property transferable to or vested in the assignee." The bill states a case of an assignment void for fraud in fact, or void by force of express statute; it is, therefore, not within the limitation of three months, which applies to the right of the assignee to avoid a transfer merely void as against the bankrupt law. But for the appointment of the receiver, therefore, the title to the property would have vested in the assignee in bankruptcy; and as the receiver's title is in trust for the satisfaction of a particular debt, and, as to any surplus, first for the creditors generally, and then for the debtors, there seems to be an equitable interest in the property which passed under the bankrupt law to the assignee. As the trust under which the receiver holds the property cannot be performed except by a sale of the property under decree of the court. all parties having an "interest therein to be affected by such decree," among whom is the assignee, are properly joined as defendants in the suit.

Demurrer overruled, with leave to answer on payment of costs.

[NOTE. The case was subsequently heard upon bill, answer, and proofs, and the bill was dismissed. 10 Fed. 101. An appeal was then taken to the circuit court, where the decree of the district court dismissing the bill was affirmed. 18 Fed. 636.]