## MARCIA C. PALMER

### *v.*

## HENRY A. SANGER *et al.*

*Filed at Ottawa October 31, 1892.*

1. JUDGMENT—*presumption as to items embraced therein.* A claim of $12,745 was presented against an estate, consisting of nine distinct and separate items, and allowed at $5891.62, and the record of the county court failed to show that any item was withdrawn, and the judgment of allowance was general, not showing the items allowed or rejected : *Held,* that in the absence of extrinsic evidence it must be presumed that each item entered into the consideration of the court in making up its judgment, but that this presumption might be overcome by parol proof showing that certain of the items were not so considered.

2. SAME—*parol proof of items forming it.* Although the declaration in the former suit may be broad enough to include the subject matter of the second action, yet if, upon the whole record, it is doubtful whether the subject matter was actually passed upon, parol evidence will be admitted to show the truth. If in the pleadings there are several distinct counts, and the evidence may have referred to either or all with equal propriety, the judgment is only *prima facie* evidence upon any one of the counts, and evidence *aliunde* is admissible in rebuttal.

3. Where a former judgment is set up by way of estoppel, the plaintiff may reply that it did not relate to the same property or transaction in controversy in the action in which it is set up in bar; and the question of identity thus raised is determined by the jury upon the evidence adduced, and such parol evidence does not contradict the record.

4. So where a claim against an estate, consisting of several distinct items, is allowed at a less amount than the whole of the claim, the claimant may show, by parol evidence, that one of the items was never in fact passed upon by the court, and that the same was withdrawn before judgment.

5. FORMER ADJUDICATION—*proof of matters adjudicated.* A judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. But it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record, the whole subject matter of the record will be open to a new contention, unless this uncertainty be

removed by extrinsic evidence showing the precise point involved and decided in the former proceeding.

6. Estoppels arising from judicial proceedings must be certain. If, upon the face of the record, anything is left to conjecture as to what was necessarily involved and determined, there is no estoppel in it when pleaded and nothing conclusive in it when offered as evidence. In order to show by extrinsic evidence that a matter is *res judicata*, it must appear that it was properly at issue in the former trial, and that the judgment necessarily involved its determination.

7. Where a note and mortgage were given as collateral security for the payment of an indebtedness of the mortgagor, the disallowance of an item in a claim against the mortgagor's estate, without any proof of the grounds on which it was disallowed, constitutes no bar to a bill filed to foreclose the mortgage.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. H. M. SNAPP, and Mr. R. A. CHILD, for the appellant:

Former judgment as an estoppel. Freeman on Judgments, sec. 258; *Wahle* v. *Wahle,* 71 Ill. 514; *Umlauf* v. *Umlauf,* 117 id. 583.

A judgment or decree is not evidence upon a question which was only collaterally drawn in question, nor to any matter incidentally cognizable, or when it is to be inferred from the judgment only by argument or construction. Freeman on Judgments, sec. 258; *Lea* v. *Lea,* 99 Mass. 493; *Jackson* v. *Wood,* 3 Wend. 27; *Wood* v. *Jackson,* 8 id. 36; *Packet Co.* v. *Sickles,* 24 How. 333; *Althorpe* v. *Beckwith,* 14 Bradw. 630.

A verdict can not be urged as an estoppel to the litigation of a fact which was not absolutely necessary to the finding of the verdict in the previous suit. *King* v. *Inhabitants,* 4 Dow. & Ryl. 469; *Burton* v. *Shaw,* 14 Gray, 433; *Aiken* v. *Peck,* 22 Vt. 225.

As to the burden of proof of *res judicata,* see Freeman on Judgments, sec. 276; *Barger* v. *Hobbs,* 67 Ill. 592.

Parol evidence is admissible to show matters determined in former suits. Bigelow on Estoppel, sec. 5; *Shepard* v. *Butterfield*, 41 Ill. 76; Freeman on Judgments, sec. 274; *Sawyer* v. *Woodbury*, 7 Gray, 499; *Burlese* v. *Shannan*, 99 Mass. 200; *Railroad Co.* v. *Schaffer*, 124 Ill. 121; *Vanlandingham* v. *Ryan*, 17 id. 25; 1 Greenleaf on Evidence, sec. 532.

A plea of former recovery should show that some question involved in the former judgment is identical with some issue in the present action. *Miller* v. *McManis*, 57 Ill. 129; Freeman on Judgments, sec. 460; Bigelow on Estoppel, 22; *Cary* v. *Petroleum Co.* 33 Cal. 694; *Riverside Co.* v. *Townshend*, 120 Ill. 18; *Taylor* v. *Castle*, 42 Cal. 371; *Cromwell* v. *Sac County*, 94 U. S. 351; *Davis* v. *Brown*, id. 428; *Chicago* v. *Cameron*, 120 Ill. 459.

Messrs. GARNSEY & KNOX, for the appellees:

County Courts, as to matters of estates, are courts of record with full jurisdiction, and their judgments in such matters are as binding as those of any other courts, and are subject to the same rules as the judgments of any other courts. *People* v. *Gray*, 72 Ill. 347; *Propst* v. *Meadows*, 13 id. 169; *VonKettler* v. *Johnson*, 57 id. 117; *Mitchell* v. *Mayo*, 16 id. 84; *Hanna* v. *Yocum*, 17 id. 388; *Matthews* v. *Hoff*, 113 id. 96; *Barnett* v. *Wolf*, 70 id. 80.

The record of the judgment imports verity, and can not be impeached, altered or changed by any evidence outside the record itself. It is a fundamental rule of evidence that the record of a court can never be varied, altered or explained by evidence beyond or outside of the record itself. The record in one part may contradict another part, or one part may limit, qualify or explain another, but evidence *dehors* the record will never be received for the purpose. To permit such evidence would be to render records of no avail, and would render judicial sentences of little protection, and would lead to unprecedented uncertainty and confusion. *Railway Co.*

v. *Peterson,* 115 Ill. 602; *Barnett* v. *Wolf,* 70 id. 81; *Harris* v. *Lester,* 80 id. 314; *Roche* v. *Beldam,* 119 id. 323; *Hansen* v. *Schlesinger,* 125 id. 236.

Parol evidence is admissible to show what was adjudicated upon, but not as to what the adjudication was. *Zimmerman* v. *Zimmerman,* 15 Ill. 84; *Davis* v. *Hopkins,* 15 id. 526; *Vanlandingham* v. *Ryan,* 17 id. 25; *Hanna* v. *Read,* 102 id. 596; *Tilley* v. *Bridges,* 105 id. 336; *Bisbee* v. *Woodbury,* 8 Bradw. 336.

The judgment of the county court is a bar to this suit. *Crow* v. *Bowby,* 68 Ill. 24; *Cole* v. *Favorite,* 69 id. 457; *Drake* v. *Perry,* 58 id. 122; *Sheldon* v. *Patterson,* 55 id. 507; *Miller* v. *Ticker,* 14 Bradw. 558; *Meiers* v. *Pinover,* 21 Ill. App. 554; *Jolly* v. *Fitzgerald,* 23 id. 514.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a bill by appellant to foreclose a mortgage executed and delivered to her by one Lorenzo P. Sanger. It alleges the death of Sanger, leaving the defendants his heirs-at-law. The answer set up by way of defense that the note and mortgage described in the bill were, with other claims by appellant, probated against the estate of said Sanger and adjudicated upon by the county court of Cook county, and a judgment rendered thereon in her favor, against said estate; which was afterwards paid by the executor of said Sanger. The decree of the circuit court was for complainant, as prayed in her bill. Defendants appealed to the Appellate Court, and there obtained a judgment of reversal, with an order remanding the cause to the circuit court, with directions to dismiss the bill. From that judgment complainant below prosecutes this appeal.

It is not denied that the complainant made a *prima facie* case on the hearing by the introduction in evidence of the note and mortgage described in her bill. Defendants, in support of their answer, introduced a record of the county court of Cook county, showing that after the death of the said Lorenzo

P. Sanger letters of administration were duly issued upon his estate out of the county court of Cook county; that complainant filed a claim against said estate, which consisted of nine items, aggregating the sum of $12,745, the ninth item of which was the note and mortgage in suit. The claim was sworn to as follows:

"State of Illinois, } ss.
    County of Cook. }

"Marcia C. Palmer, being duly sworn, says and deposes that the annexed account against the estate of Lorenzo P. Sanger, deceased, is just and unpaid, and this deponent verily believes that all credits and offsets thereto have been allowed except $1500, in the nature of collateral security, which is to be deducted in case of the payment of the eighth item of the account. All the rest is *bona fide* due on the account or claims as stated, and she now knows of no other claim.

Marcia C. Palmer.

"Subscribed and sworn to before me on this 18th day of June, A. D. 1875.

H. Lieb, *Clerk of the County Court.*"

On March 13, 1877, judgment was entered upon said claim, as follows: "This day came Henry A. Sanger, executor of the last will and testament of Lorenzo P. Sanger, deceased, and the claim of Marcia C. Palmer, against the estate of said decedent, being now called for adjudication, the said claimant being now here present in court in person and by her attorney, and the court having heard the evidence adduced in said cause and the arguments of counsel, and having fully considered the same, being now fully advised in the premises, finds that the said claim is just and unpaid, and that there is due thereon to the said claimant the sum of $5891.62. It is therefore ordered and adjudged by the court that said claim be allowed against said estate for $5891.62, as of class . . . ., and that it be paid to said claimant in the course of administration."

This judgment was paid in full before the bringing of this bill. This evidence the appellee relies upon as conclusively showing that the note and mortgage here sought to be foreclosed were adjudicated upon by a court of competent jurisdiction, and as a complete bar to the present action. Appellant, on the contrary, contends that the record of the county court introduced in evidence leaves it altogether uncertain as to which of the several items in the claim therein set forth were allowed, and what action, if any, was had upon others, and therefore defendant could only interpose the judgment of said county court as a bar to this action as proof that the ninth item entered into the adjudication in that court, and no such proof having been offered, the defense of *res judicata* failed. She further contends, that, taking upon herself the burden of proof, she established the fact that the rights of the parties as to the indebtedness represented by the note and mortgage described in her bill were not determined by said county court.

We think the record shows *prima facie* an adjudication upon the whole indebtedness probated. The judgment is general. It nowhere appears by the record that any item in the claim filed was dismissed or withdrawn. Hence, presumably each item entered into the consideration of the court in making up its judgment. It does not follow, however, that such presumption may not be overcome by parol proof showing that certain of the items were not so considered. The total indebtedness filed against Sanger's estate was not a single claim, but nine claims presented together. That some of these did not enter into the judgment of the county court is clearly shown by the amount allowed. What disposition the court made of the other items is left in doubt, and parol evidence to remove that uncertainty does not contradict the record in the sense that makes such testimony inadmissible as against a record.

"When a former judgment is used by way of estoppel, the plaintiff may reply that it did not relate to the same property or transaction in controversy in the action in which it is set

up in bar, and the question of identity thus raised is determined by the jury upon the evidence adduced. And though the declaration in the former suit may be broad enough to include the subject matter of the second action, yet if, upon the whole record, it is doubtful whether the subject matter was actually passed upon, parol evidence will be admitted to show the truth. If in the pleadings there are several distinct counts, the evidence may have referred to either or all with equal propriety. The judgment in such case is only *prima facie* evidence upon any one of the counts, and evidence *aliunde* is admissible to rebut it." Herman on Estoppel and Res Judicata, sec. 211; Freeman on Judgments, secs. 272-274.

In *King* v. *Chase*, 15 N. H. 9, (41 Am. Dec. 674,) it was said: "If, from the general nature of the pleadings, the matter which has been tried does not appear upon the face of the record, it may be shown by other evidence." Substantially the same doctrine is announced in *Gray et al.* v. *Gillilan*, 15 Ill. 455, citing the case of *King* v. *Chase* with approval. See, also, *Burgess* v. *Hobbs*, 67 Ill. 592; *Chicago, Burlington and Quincy Railroad Co.* v. *Schaffer*, 124 id. 121.

Under the rule announced in these text books and decisions it was competent for the complainant below to prove by parol, it she could, that item 9 of her claim against the estate of Lorenzo P. Sanger was never in fact passed upon by the county court of Cook county. For this purpose she offered the deposition of O. H. Horton, one of her attorneys in that court, whose testimony on this subject clearly shows that item 9 was neither allowed nor rejected by that court, but was by her counsel, before final judgment, withdrawn. His testimony is corroborated by pencil-marks appearing on the original claim, and by the fact that items 5 and 6 in the account (both promissory notes) amounted, at the date of the judgment, to exactly the amount allowed. The judgment of the county court was not, therefore, a bar to this suit.

On cross-examination said attorney testified as follows: "I am unable to speak positively as to whether the note and mortgage were in controversy in the claim proceeding up to the time of the withdrawal of these items, but my best recollection about it is, that this was presented more as a statement of evidence that Miss Palmer held that mortgage as collateral, or partial collateral, to a part of the claim embraced in the eighth item, but to speak definitely or positively from recollection, I can not. The eighth item of the claim was in controversy under this item against Sanger's estate. My recollection is that Miss Palmer claimed substantially that she let Sanger have the money to loan for her, and she claims he guaranteed the loans he had made, and there was some trouble about those loans, either through deficient security or by reason of prior claim, and that Sanger gave her the note and mortgage mentioned in the ninth item as partial security for the money which she had given him to loan. My recollection of that transaction is very clear, as it was a very severe contest. In her affidavit of claims she says as to item 9, it is in the nature of collateral security, and is to be deducted in case of the payment of the eighth item. I understand that if the eighth item, which is $3600, was allowed and paid, she would then have no right to enforce the collection of the $1500, which is the ninth item. No part of the eighth item was ever allowed and paid, as a result of this proceeding. I have no knowledge of its ever having been presented in any other form to the county court. I have no personal knowledge as to whether it has been paid. It has not, to my knowledge. I do not think Miss Palmer gave any testimony in the case, and do not remember whether her testimony was offered."

On this cross-examination counsel for appellees contend that in no case could this note and mortgage be held valid in this proceeding, their theory being, that inasmuch as the note and mortgage were given as collateral security for the indebtedness mentioned in the eighth item of the claim filed in the

probate court, the disallowance of that item was in effect a disallowance of this note and mortgage,—and that seems to have been the ground upon which the Appellate Court reversed the judgment of the circuit court.   *   *   *

The testimony does not show that by the determination of the county court item 9 was found to be collateral to item 8, and for that reason disallowed.   On the contrary, it shows that item 9 was withdrawn, so that it might not be affected by the disallowance of item 8.   The answer of defendants does not question the validity of the note and mortgage on the ground that they were given as collateral to other indebtedness, or on any ground.   The averment is that "item nine (9), describing a note and mortgage on property at Joliet, Will county, Illinois, known as Sanger's Machine Shop and Foundry, formerly known as Matteson's Woolen Factory, $1500, is the identical note and mortgage mentioned, described and attempted to be foreclosed in this proceeding,   *   *   *   and that a judgment has been rendered by a court of competent jurisdiction in a proceeding wherein said complainant and the representatives of said Lorenzo P. Sanger were parties, upon and about the said alleged mortgage indebtedness mentioned, described and sought to be foreclosed herein."   It is too clear for argument that on this allegation and the testimony that item 9 was withdrawn, appellant is not estopped to assert the validity of the note and mortgage now sued on, merely because her attorney understood them to represent the $1500 stated in her affidavit to be collateral to item 8.   *   *   *

The judgment of the Appellate Court will therefore be reversed, and the cause remanded to the circuit court.

*Judgment reversed.*

Subsequently, upon a rehearing, the following additional opinion was filed:

Mr. JUSTICE MAGRUDER: A rehearing was granted in this cause, in order that we might further consider the question

whether or not the note and mortgage sought to be foreclosed were given as collateral security for the indebtedness mentioned in the 8th item of the claim filed in the Probate Court, and, if they were given as such collateral security, whether or not their disallowance necessarily resulted from a disallowance by said court of said 8th item.

The said 8th item is as follows: "To amount of money advanced to him to be loaned, and which deceased did loan on Mayo mortgage (as it is said) on certain real estate security; and on property on West Twelfth Street, Chicago, and upon which property there is a prior incumbrance, with interest since February 4, 1875; and including interest paid and advanced on prior mortgage, which amount was guaranteed and promised to be paid by deceased, $3600.00." What testimony was presented to the Probate court in favor of this item, or against it, is not shown by the record, nor does the record show upon what ground the item was disallowed, if it was disallowed. From its phraseology, it would appear, that the complainant had placed certain monies in the hands of the deceased to lend out for her upon real estate security; that he had loaned such monies, and had taken securities which were defective by reason of a prior incumbrance upon the property; that she had been obliged to advance money to pay the interest upon this prior incumbrance; that the deceased had guaranteed, or promised, that the monies so loaned by him should be paid.

The 8th item seems to be a charge against the deceased for an amount due from him upon his guarantee or promise, that the monies loaned by him for complainant should be repaid to her. If the item was disallowed, upon what ground was it disallowed? It is manifest, that it may have been disallowed upon some ground, which did not affect the validity of the note and mortgage for $1500.00. The evidence is clear, that there was no direct adjudication by the Probate Court upon the validity of said note and mortgage, because they were

withdrawn "without prejudice to the rights of Miss Palmer to enforce the collection of that note, or to assert her lien upon the property embraced in the mortgage." If the note and mortgage were indirectly adjudicated upon, because the claim, to which they are said to have been collateral, was disallowed, then what was the claim, for the payment of which they were held as collateral security? Were they collateral to the promise of the deceased to see that the money loaned should be paid back, or were they to be held by the complainant, in order that she might reimburse herself for the deficiency, in case the real estate securities, upon which the loans had been made, should fail to realize enough to pay back all her money? The court may have disallowed the 8th item, because the guarantee referred to was a mere verbal promise to pay the debts of the third persons to whom the loans had been made, and, therefore, not binding on the deceased; or because the evidence was not sufficient to establish such guarantee, or verbal promise; or because the amount to be collected on the note and mortgage could not be ascertained, until the real estate securities, in which the money had been invested, should be foreclosed, or otherwise disposed of. The testimony does not show clearly, that the note and mortgage were collateral to the guarantee or promise, but speaks of them as being "in the nature of collateral security;" as being "partial security," or security to "a part of the claim"; and as having been given because of "some trouble about those loans, either through deficient security, or by reason of prior claims." The evidence tends to prove, so far as it tends to prove anything definite, that the note and mortgage were turned over to complainant to be held as an additional security along with the other securities.

Where claims are filed against an estate in the Probate Court, there are no pleadings; and hence the precise issue presented to the court cannot always be determined from the face of the record. If, in the present case, the court held, that

there was no proof of the guarantee, or promise, set up in the 8th item as a basis of indebtedness, it did not necessarily hold, that the complainant could not make use of the note and mortgage which were withdrawn by her, in the event of a failure to realize the full amount of her loans from the defective securities held by her.

Inasmuch, therefore, as the note and mortgage were withdrawn and not passed upon by the Probate Court, and inasmuch as it does not appear that the 8th item was disposed of by the court upon any issue, which necessarily determined the right of the complainant to seek recovery in the future upon said note and mortgage, we are unable to say that the defendants are entitled to rely upon the judgment of the Probate Court as *res judicata.*

In order to show by evidence *aliunde* that a matter is *res judicata*, it must appear that it was properly at issue in the former trial, and that the verdict and judgment necessarily involved its determination. (Freeman on Judgts. sec. 273). In *Russell* v. *Place*, 94 U. S. 605, the Supreme Court of the United States, speaking through Mr. Justice Field, said: "A judgment of a court of competent jurisdiction upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But * * * it must appear either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record * * * the whole subject matter of the record will be at large and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible." In the present case, the extrinsic evidence is not sufficient to help out the record. It lacks the definiteness and certainty, which the law holds indispensable

to an estoppel by judicial proceedings. "Estoppels arising from judicial proceedings must be certain." (*Wood* v. *Jackson*, 8 Wend. 36; *King* v. *The Inhabitants of Knaploft*, 4 Dow. & Ryl. 469; *Washington Steam Packet Co.* v. *Sickles*, 24 How. 340; same, 5 Wallace, 590). "If upon the face of the record anything is left to conjecture as to what was necessarily involved and determined, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence." (*Russell* v. *Place, supra*).

For the reasons thus stated, we are inclined to adhere to the conclusion, which we reached before the rehearing was granted; and our former opinion, delivered by Mr. Justice Wilkin, so far as the same is above set forth, is hereby re-adopted. The judgment of the Appellate Court is reversed and the cause is remanded to the Circuit Court for further proceedings.

*Judgment reversed.*