(19 Misc. Rep. 360.)

### EVERETT v. NEW YORK ENGRAVING & PRINTING CO.

(City Court of New York, General Term. February 3, 1897.)

JUDGMENT—RES JUDICATA—CONTRACTS.
    A judgment for installments of commissions due on a contract for procuring work for defendant is res judicata as to plaintiff's right to recover for installments afterwards due.

Appeal from trial term.

Action by George W. Everett against the New York Engraving & Printing Company on a contract. From a judgment entered on a verdict directed by the court, in favor of plaintiff, defendant appeals. Affirmed.

Argued before McCARTHY and CONLAN, JJ.

Wilson & Bennett (James L. Bennett, of counsel), for appellant.
William Hildreth and Field & Deshon (Charles A. Deshon, of counsel), for respondent.

CONLAN, J. This is an appeal from a judgment in favor of the plaintiff, and against the defendant, upon a verdict directed by the court at the trial term. The action was brought to recover the sum of $1,309.65, the installments alleged to be due the plaintiff for the months from April to December, inclusive, 1895, under an alleged agreement made between the plaintiff and the defendant in the spring of 1893, whereby it is said the plaintiff and the defendant agreed, in consideration of plaintiff's securing for the defendant the work of the firm of Harper Bros., to pay the plaintiff 10 per cent. monthly on all the work that came to the defendant from that firm so long as the defendant received it. The defendant denies this, but admitted it had received work from the firm amounting to the sum of $12,562.66, for the period named. The plaintiff, in support of his case, introduced a judgment roll in an action in a district court in the city of New York, between the same parties, which action was brought to recover an installment accruing under the contract, and which judgment was affirmed by the general term of the court of common pleas (35 N. Y. Supp. 1097), and claimed that said judgment was res adjudicata as to all of the issues in the case at bar. The record of this judgment, with proof of the amount of the installments from April to December, 1895, inclusive, constitutes the testimony in the present action. The pleadings in the district court were oral, and an examination of the record put in evidence is necessary to determine what issues were tried therein. That record shows that a recovery was sought on account of a breach of the same contract as is alleged herein, and that the answer was a general denial, and the statute of frauds, and that the same issues were presented then as now, with, perhaps, an exception, that an installment for one month only there was pleaded, and here a recovery is asked for the months from April to December, 1895, inclusive. No evidence was given

or offered by the defendant in the court below, other than an offer to prove that the plaintiff was not the procuring cause for any of the orders sued for in this action, and to prove it for each month separately; and an objection on the ground that the judgment of the district court is res adjudicata as to that also was sustained. It is admitted in the answer (paragraph 4) that the defendant received $12,562.66 on orders from the firm mentioned for the period for which plaintiff claims to recover, and the proof shows that the defendant paid to the plaintiff monthly from 1893 to March, 1895, the 10 per cent. upon the amount of all the business transacted by the defendant with the firm of Harper Bros., and refused further payment when Harper Bros. notified the defendant that they would send no more orders to it if it continued to pay commissions on such business. The defendant's testimony on this point is, in substance, that it could not undertake to pay the plaintiff a commission on the work further, for the reason that Harper Bros. objected to dealing with any house that paid agents commissions for obtaining their work, for the reason that such commission was not necessary, that the agreement provided for plaintiff's obtaining 10 per cent. on all of Harper Bros.' work, and the defendant thought he ought to be protected, and they paid him the 10 per cent. on all such business down to the time of the action in the district court. The terms of the contract sued on may be harsh for the defendant, but it must be said that they were not only willing, but anxious, to enter into the arrangement, for it was a measure of increased business and profit to them. They reaped the benefit of it for a period of two years, and, so far from making a complaint during all that period, they regularly sent to the plaintiff his monthly installment, and only desisted when warning came from Harper Bros. that they would not send business to a firm who paid commission to agents.

It is conceded by the defendant that the present action is on the same contract as the suit in the district court, only for a longer period of time. If the judgment of the district court is res adjudicata, it disposes of the whole question, and the plaintiff would be entitled to his commissions as long as any business was received from Harper Bros. by the defendant. The appellant has cited upon his brief a number of authorities to sustain the claim that the judgment of the district court is not res adjudicata, but we are not altogether in accord with his views of what these cases decided. For instance, the plaintiff, upon the trial, offered in evidence the opinion of the general term of the court of common pleas, to which objection was made; and the trial justice said he would admit it as part of the record. Counsel for the appellant cites Robinson v. Railway Co. (Sup.) 18 N. Y. Supp. 728, as an authority against the admission of the paper, but the court in that case, quoting from the decision in Packet Co. v. Sickles, 5 Wall. 592, as follows: "The evidence should be confined to the points in controversy on the former trial, to the testimony given by the parties, and to the questions submitted to the jury for their consideration; and then

the record furnishes the only proper proof of the verdict,"—says: "I can see no reason why the written opinion of the judges of the appellate court does not come within the rule."

But we need not pursue the inquiry further upon this point, as it is met by the respondent in his brief with the statement that, the trial court having asked why plaintiff was not bound to show in this action that he had secured the work, the opinion of the general term well formulated the reasons, and he handed the court volume 14 of the Miscellaneous Reports, containing the opinion which the court read as the plaintiff's argument. 14 Misc. Rep. 580, 35 N. Y. Supp. 1097. But we are of the opinion that the opinion of the general term was admissible, under the authority of the case cited. If the opinion contained adverse expressions, and if there was a mistake in the judgment rendered (in the prior action), the remedy was by motion to correct. Bank v. Kupper, 63 N. Y. 618.

In Bell v. Merrifield, 109 N. Y. 209, 16 N. E. 57, cited on appellant's brief, the court said:

"One of the tests sometimes mentioned, which will determine the question whether two causes of action are identical, is to see if the same evidence will sustain both. Though the form of the action may be different, the causes may be the same, and they generally are the same where the evidence equally supports either;" citing Stowell v. Chamberlain, 60 N. Y. 272, 277.

One contention of the appellant is that the plaintiff could not maintain the present action because a part, at least, of the claim sued upon was due when the action in the district court was commenced. The evidence shows that that action was brought May 1st, to recover for the March installment, and it could not, therefore, be made to include that which was not then due, and none other was due until about May 20th, as the evidence shows. He sued only for the installment due, and none other was due, as all the other prior installments had been paid; and he got judgment. The same proof is presented in this as in the former action, and the issues are the same, as we have already seen. The question presented in the action in the district court was, was the plaintiff entitled to recover the installment for March, 1895? and it was decided affirmatively. Now, he asks to recover the installment or installments subsequently due; and the record of the district court is presented as res adjudicata upon that question,—i. e. upon the right to recover these subsequent installments. Can there be any doubt about this? Let us see. The judgment and decree of a court possessing competent jurisdiction is, as a general rule, final, not only as to the subject-matter thereby actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have decided. Embury v. Conner, 3 N. Y. 511. "Whatever was requisite to be proved and established as facts in order to obtain judgment is, so long as the judgment remains unreversed, res adjudicata between the parties, and conclusive upon them." Blair v. Bartlett, 75 N. Y. 150.

Mr. Justice Field, in deciding the case of Russell v. Place, 94 U. S. 606, an authority on the appellant's brief, said:

"The validity of the patent was not necessarily involved, except with respect to the claim which was the basis of recovery. A patent may be valid as to a single claim, and not valid as to the others. The record wants, therefore, that certainty which is essential to its operation as an estoppel, and does not conclude the defendants from contesting the infringement or the validity of the patent in this suit."

That rule does not apply to the existing case. The question of the right of the plaintiff to recover was distinctly in issue upon his claim for the only installment due, and we are not left in doubt upon any question heard and decided in the action in the district court. If the defendant had other defenses not then and there pleaded, it was his duty to have presented them; for, as we have already seen, he was obliged to litigate in that action everything which might have been decided, and this was also the rule laid down in Clemens v. Clemens, 37 N. Y. 74, where it was said that the judgment is conclusive upon every matter coming within the province of the original action, both in respect to matters of claim and defense.

The appellant is obliged to concede the force of the language in Van Vleet, Former Adj. § 159, that "the cases all agree that a judgment bars all defenses which the defendant had an opportunity to make"; and, conceding this much, we do not think he can reasonably complain of the judgment in the former action being res adjudicata. There was nothing left in doubt as to what was sought in that action, and he evidently defended on all the grounds that presented themselves to his clear, discerning mind. If anything was left out which he might have pleaded as a defense, he is as much concluded as if he had made an issue upon it, and there was a judgment against him. The decision of the court below is, no doubt, a serious matter with the defendant, and we would be inclined to relieve him of its harsh features if we could. It is co-extensive with the business which may come to him from Harper Bros., and will cease only when that business ceases; but with that feature of the case we have nothing to do. Hard beds are sometimes made easy by the certainty of their continued occupation, and relief may possibly come to the defendant from that source. It may, however, be said that he has reaped, and is still gathering, the fruit of the arrangement entered into, and should be equally willing to bear the burden.

We have given the whole case very careful consideration, and we are of the opinion that the judgment of the district court was res adjudicata between the parties, and that the judgment of the trial term should therefore be affirmed, with costs.

McCARTHY, J., concurs.