**John Woodburn Langmuir, committee of the person and estate of John J. Gerber, a lunatic, v. George Landes, conservator of the person and estate of John J. Gerber, insane.**

1. PAROL EVIDENCE—*when, competent upon question of res judicata.* Where it does not appear from a particular order that there was a hearing and adjudication upon the merits of a controversy, parol evidence is competent, not to determine what the adjudication was, but to ascertain what was adjudicated upon.

2. RES JUDICATA—*when judgment is not.* A judgment rendered for a defect of pleading, is not a judgment on the merits, and is not a bar to a subsequent action based upon the same subject-matter.

3. PUBLIC POLICY—*upon what, predicated.* The public policy of a state can be found in, and is predicated solely upon the constitution and laws of that state.

4. NON-RESIDENT ALIEN LUNATIC—*right of conservator of, to remove property of his ward from this state.* The mere fact that a lunatic is a non-resident alien and that upon his death his property will escheat to the state, does not preclude the right of his conservator, appointed in the country of his residence, from removing such property from this state.

5. NON-RESIDENT ALIEN LUNATIC—*right of conservator of, to remove the property of his ward from this state.* Where a lunatic is a *bona fide* resident of a foreign state, in which he lives, and the proper tribunal of that country has rightfully asserted jurisdiction over his person and estate, the conservator appointed by such foreign tribunal is entitled to collect and receive his ward's property and remove it to his place of residence without being called upon to show to the court that

the best interests of his ward will be thereby subserved in such foreign jurisdiction.

6.   NON-RESIDENT ALIEN LUNATIC—*right of conservator of, to remove property of his ward from this state.*   Nor is such right of removal precluded by the fact that at the time of the application for the right so to remove, the property of the ward is in the hands of a conservator appointed in this state whose management has been beyond criticism.

Proceeding in County Court by non-resident conservator to obtain removal of lunatic's estate.   Appeal from the Circuit Court of Tazewell County; the Hon. THEODORE N. GREEN, Judge, presiding.   Heard in this court at the May term, 1903.   Reversed and remanded.   Opinion filed March 16, 1904.

HENRY M. PROUTY and WILLIAM A. POTTS, for appellant.

PRETTYMAN & VELDE, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellant on December 24, 1901, filed his petition in the County Court of Tazewell County, for an order, requiring appellee to pay and deliver over certain funds and real and personal estate belonging to John J. Gerber, a non-resident lunatic, in the custody of appellee, and for the removal or discharge of said appellee as conservator of said lunatic. The petition was dismissed in the County Court for appellant's failure to give security for costs, and upon appellant's appeal to the Circuit Court, the cause was there heard by the court on its merits, resulting in an order denying the prayer of the petition and in a judgment against appellant for costs, from which judgment this appeal is prosecuted.

The petition is filed under the provisions of section 41, chapter 86, of the Revised Statutes of this state, which in so far as applicable to this case, provides in substance, that the committee of any non-resident lunatic appointed in any foreign country, in pursuance of the laws of such country, may commence and prosecute in his name as such committee, suits for the recovery of any real or personal property, or any interest therein in this state, belonging to such lunatic, in any of the courts of record in this state having

jurisdiction in similar cases by persons in their own rights, and may collect, receive and remove to his place of residence any personal estate of his ward. Prior to the filing of the present petition appellant, on July 19, 1901, filed his petition in the County Court of Tazewell County, substantially for the same purpose, which petition was dismissed by the court and no appeal was prayed from such order of dismissal.

The facts, which are not controverted, are substantially as follows: On October 20, 1876, John J. Gerber, an alien, residing in Tazewell County, was adjudged to be an insane person and committed to an asylum as such. On December 4, 1876, letters of conservatorship were issued to appellee, and appellee has since hitherto had the custody and control of the real estate and personal property of his ward, the personal property amounting in October, 1902, to about $3,027.86. The father and other relatives of Gerber lived in the province of Ontario, and in 1882, having escaped from the asylum, Gerber went there with the consent of appellee, to reside, and has since continued to reside there. From 1882 to 1895, Gerber frequently returned to his old home in Tazewell County, unattended, and after a short visit, so returned to Ontario, appellee from time to time giving him such funds as his necessities required. On June 3, 1901, Gerber having been theretofore legally adjudged insane in Ontario and there committed to a public asylum where he now is, appellant was appointed committee of his person and estate and duly qualified as such. It is conceded in this case that Gerber is a non-resident of Illinois and a *bona fide* resident of the province of Ontario.

But two questions are presented in this record for our determination: first, is the order of the County Court in the matter of the petition filed by appellant on July 19, 1901, dismissing such petition and from which order of dismissal no appeal was prayed, *res judicata?* second, is the committee of the person and estate of a non-resident lunatic entitled to receive and remove to the place of residence of such lunatic, funds and property of the latter, in the custody and control of a resident conservator of such lunatic?

In the matter of the petition of July 19, 1901, no written pleadings were filed and we must look to the record to determine whether the judgment of dismissal entered therein was an adjudication on the merits or whether the cause was dismissed because of the insufficiency of the petition. The order of dismissal entered by the court is as follows: "And now on this day come the parties herein, by their respective attorneys, and now this cause coming on to be heard upon said petition heretofore continued from August 13, 1901, to this day, it is ordered by the court that this cause be and the same is hereby dismissed at costs of petitioner with leave to withdraw exhibits filed herein." *Prima facie* the order dismissing the cause is *res judicata*, but it not appearing from the order itself that there was a hearing upon and adjudication of the merits of the controversy, parol evidence is admissible, not to determine what the adjudication was, that being settled by the record alone, but to determine what was adjudicated upon. Zimmerman v. Zimmerman, 15 Ill. 85; Barger v. Hobbs, 67 Ill. 592; Palmer v. Sanger, 143 Ill. 34; Rubel v. Title Guarantee and Trust Co., 199 Ill. 110. It is established by the evidence in this case that the County Court heard no evidence upon the merits of the controversy but dismissed the cause for supposed insufficiency of the petition. "A judgment rendered for defect of pleading, is not a judgment on the merits, and is not a bar to another action on the same contract." Smalley v. Edey, 19 Ill. 207; Smith v. Roundtree, 185 Ill. 219. Our conclusion is, therefore, that appellant is not estopped by the record in that case from prosecuting the present proceeding.

It is not controverted that the title acquired by John J. Gerber to the real and personal property involved, was valid, or that he, except for the lunacy proceedings disclosed, would have full right and authority to sue for and recover such property, dispose of the same and remove the proceeds to the place of his domicile. It is insisted, however, that the prayer of the petition should be denied, first, because Gerber is now a non-resident alien and upon his

death the real estate will escheat to the state, and, therefore, to grant the prayer of the petition and deprive the appellee of its custody and control, is contrary to the policy of the state and prejudicial to its interests; and, second, because the evidence fails to disclose that the best interests of Gerber require a removal of the property or its proceeds to the place of his domicile.   No authority is cited by appellee in support of the contention that the prayer of the petition should be denied on the ground of public policy or because to grant it would be prejudicial to the interests of the state for the reasons indicated, and we have been unable to find any such.   We are not willing to concede that the doctrine of public policy prevailing in this state, is predicated upon a lawless selfishness that arbitrarily refuses to permit the lawful owner of property to receive or dispose of the same, and remove such property or its proceeds to his domicile in a foreign country, for the reason that if the existing status of such property is preserved, it would, under the law of escheat, vest in the state.   It has been well said, " A state can have no public policy except what is to be found in its constitution and laws.   Therefore, when we speak of the public policy of the state, we mean the law of the state, whether found in the constitution, the statutes or judicial records."   People v. Hawkins, 157 N. Y. 12.

The statute expressly recognizes the right of a non-resident unfortunate, such as Gerber, to have his estate managed and controlled for his use and benefit, at the place of his residence, by authorizing the legally appointed committee of his person and estate to collect, receive and remove such estate to his place of residence.   Gerber being a *bona fide* resident of the province of Ontario, and the proper tribunal in that country having rightfully asserted jurisdiction of his person and estate, appellant is entitled to collect and receive his ward's property and remove it to his place of residence, without being called upon to show to the court that the best interests of his ward will be thereby subserved in such foreign jurisdiction.   The section of the statute under which this proceeding is instituted does

Langmuir v. Landes.

not require any such showing by appellant and no substan-
tial reason for such requirement is urged here. It might be
said that the court having jurisdiction of the person and
estate of Gerber in the province of Ontario, manifestly is in
a better position to ascertain and determine his best interests
and to conserve the same, than the County Court of Taze-
well County, and that his estate should not be burdened
with the expense incident to maintaining two conservators.
These considerations are self-evident and presumably moved
the legislature to enact sections 41 and 42, authorizing a
committee of the person and estate of a non-resident luna-
tic to institute such proceedings as might be necessary to
collect the personal estate and sell the real estate of his
ward and remove the same and the proceeds thereof to his
place of residence, without requiring him to aver and show
to the court, specifically, that the best interests of his ward
would be subserved thereby. In Wing v. Dodge, 80 Ill.
564, in commenting on the provisions of section 42 of the
same act, the court said : "It will be observed that this
latter act does not specify what the petition shall contain,
nor does it specify the purposes for which the property
shall be sold. Nor could it be expected that we should
find such provisions, inasmuch as the money arising from
such a sale is expected to be taken out of, and pass entirely
from the control of this state and its jurisdiction. It would
be absurd to give such power to a conservator, and then
endeavor to control the disposition or use of the money in
another state. Could any one be found who would sup-
pose it reasonable that our law would license a foreign con-
servator, under the direction of the proper court in his
state, to sell the land, receive the money, and take it to his
domicile, report it to that court, and our laws or courts
could still control its use or investment ? It cannot be sup-
posed that any one would seriously contend for so unrea-
sonable a proposition. The statement of the proposition,
we apprehend, fully answers such a claim, if it could be seri-
ously made. When the statute permits the fund to pass
beyond the limits of the state, our laws cease to have any
control over it. This is a proposition so plain as to strike

all as being manifestly true. This is the very purpose of allowing the sale, and the statute was passed to enable the fund to come under the control of the courts and the laws of other states, to be used, applied or invested under the laws of such other states. The statute gives the court of the state in which the conservator resides the sole power to determine whether the real estate shall be sold; nor has it limited that court to the purpose to which it shall be applied. Had such been the intention, such a limitation would have undoubtedly been imposed; but we cannot suppose that the legislature would do so useless and absurd a thing, as it would be wholly impracticable for our laws to attempt to control the conservator in the use or application of the fund beyond the limits of our state; but he and the fund both are under the control of the court of his residence, where he can be controlled in its use and expenditure." This reasoning is, by analogy, pertinent in this case and decisive upon that question.

Does the fact that the property sought to be collected in this proceeding, is in the hands of appellee as conservator of Gerber, abridge the right of appellant to avail himself of the provisions of section 41 of the act? We think not. Assuming that hitherto the management by appellee of the estate of his ward has been beyond criticism, no possible reason exists for his further continuance in that relation, but every consideration involving the welfare of his ward demands that the prayer of appellant's petition be granted.

The judgment will be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*