THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD S. WILSON *et al.*—(JOHN A. KING, Plaintiff in Error.)

*Opinion filed October 28, 1913.*

1. PLEADING—*when plea is bad for not averring ultimate fact.* A plea which does not aver the ultimate fact relied upon in defense of the action but only avers evidentiary facts which require the aid of a rebuttable presumption to support them, is bad upon general demurrer.

2. SAME—*when a plea attempting to set up payment is insufficient.* In an action against sureties on a State officer's bond to recover on a warrant unlawfully drawn upon the treasury, a plea which attempts to set up a former recovery and satisfaction in a suit against another State officer is insufficient, where it does not allege directly that the particular warrant was included in the former judgment, but merely alleges facts showing that the warrant was included in the declaration but that the judgment was for much less than the amount declared upon, thus leaving it uncertain whether the amount of such warrant was included in the judgment.

3. PAYMENT—*there can be but one recovery for money wrongfully drawn from State treasury.* Where several State officers are involved in the unlawful drawing of money from the State treasury there can be but one recovery for the money, and if the amount

'of a certain warrant is included in a judgment against one of the State officers and the judgment is paid, that fact may be pleaded and proved as a defense to an action against the other officers or their bondsmen to recover upon such warrant.

4. The other questions presented in this case are controlled by the decision in *People* v. *Hamill,* 259 Ill. 506.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding.

JOHN LYNCH, ADOLPH KRAUS, SAMUEL ALSCHULER, and CHARLES R. HOLDEN, for plaintiff in error.

PATRICK J. LUCEY, Attorney General, and LESTER H. STRAWN, (B. F. LINCOLN, of counsel,) for the People.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

This is a writ of error sued out by John A. King to reverse a judgment rendered by the municipal court of Chicago against him, in favor of the People of the State of Illinois, for the sum of $8416.71 and costs of suit. The action was upon the official bond given by Edward S. Wilson, as Treasurer of the State of Illinois, on November 26, 1890, and was brought against Wilson and all the sureties upon his bond, including John A. King, but the latter was the only defendant served with summons or appearing in the suit.

The declaration alleges that during Wilson's term of office there came into his hands, as State Treasurer, large sums of money which had been collected, according to law, to pay principal and interest upon municipal bonds registered, according to law, in the office of the Auditor of Public Accounts of the State of Illinois; that there also came into his hands, as such treasurer, divers other large sums of money which had been levied and collected, as provided by law, for the purpose of paying the ordinary costs to the

State and for reimbursing the State for the expense of levying, collecting, keeping account of and disbursing the sums above mentioned, and that the sums of money which had been paid into the State treasury for the purpose of paying and reimbursing the State, as aforesaid, belonged to and were the property of the State of Illinois and were known as the local or registered bond fund; that on September 30, 1892, Edward S. Wilson unlawfully procured to be issued and delivered by Charles W. Pavey, then Auditor of Public Accounts of the State of Illinois, an auditor's warrant for $8416.71 payable to him, Edward S. Wilson, as State Treasurer, and drawn against the said local or registered bond fund then in the State treasury; that Wilson, as State Treasurer, unlawfully countersigned the said warrant and paid the amount thereof to himself from the said local or registered bond fund, and thereby, as State Treasurer, unlawfully converted the sum of $8416.71, belonging to the State of Illinois, to his own use. The declaration further alleges that the warrant above mentioned was not issued or countersigned in pursuance of any appropriation made by law, and that the moneys paid thereon by Wilson to himself were in excess of and in addition to his lawful salary and expenses as State Treasurer.

To this declaration King interposed fifteen special pleas and later filed four additional pleas. A general demurrer filed to these pleas was sustained. King elected to stand by his pleas, and the court rendered judgment against him. With the exception of the fifteenth amended plea these pleas are the same, in substance, as those filed to a similar declaration in *People* v. *Hamill,* 259 Ill. 506, and for the reasons there given the demurrer was properly sustained to all except the fifteenth amended plea. That plea alleges that on March 1, 1908, the People of the State of Illinois brought an action of debt in the circuit court of Jefferson county against Charles W. Pavey and the sureties upon his official bond as Auditor of Public Accounts, to recover

damages occasioned by the alleged wrongful issuance of warrants by Pavey, as Auditor of Public Accounts, including the warrant mentioned in the declaration herein. The plea then sets out in full the record of the proceedings in the circuit court of Jefferson county. The declaration filed in that case shows that it was there sought to recover from Pavey and the sureties on his bond damages for the alleged illegal issuance of six warrants while he was Auditor, the aggregate amount of such warrants being $39,869.11 and one of them being the warrant issued to Wilson which forms the basis for this suit. It is also shown by the record of said proceedings that on April 14, 1909, judgment by default was rendered therein in favor of the People and against Pavey and others for the sum of $19,972.29 and costs, and that on August 19, 1909, satisfaction of the said judgment in full was acknowledged upon the record of the judgment. The plea further alleges that one of the warrants declared on in said suit is the same warrant declared on herein; that on August 18, 1909, Pavey and the other defendants therein against whom judgment was rendered did pay the amount of said judgment in full, and that the said judgment, and all of the matters and things set forth in the declaration in the cause wherein said judgment was rendered, have been and are fully paid and satisfied unto the People of the State of Illinois, and that by reason of the premises the cause of action declared on in this suit has been and is fully paid and satisfied.

Some of the objections made to this plea involve questions which could be raised only by a special demurrer. Tested by a general demurrer, the question presented is, does this plea set up facts or such a state of affairs which, if proven, would constitute a conclusive defense to the cause of action disclosed by the declaration?

There can be but one satisfaction for money wrongfully withdrawn from the State treasury. If the warrant declared on in this case in fact entered into the judgment se-

cured in Jefferson county against Pavey and was paid by him, plaintiff in error is entitled to plead and prove this fact as a defense to the action. The judgment against Pavey, as disclosed by this plea, was general, and in the absence of extrinsic evidence the presumption would obtain that each warrant declared on in that case entered into the consideration of the court in making up its judgment. While this presumption obtains, the record in the Pavey case, as set up by this plea, discloses that the judgment obtained was for a less sum than the total amount of all the warrants declared on, leaving it uncertain which warrant or warrants did, in fact, enter into the judgment. This uncertainty may be explained and removed by parol proof. (*Palmer* v. *Sanger*, 143 Ill. 34; *People* v. *Becker*, 253 id. 131.) Under such a state of facts the presumption of payment is not conclusive. If the proper form of pleading is disregarded and the evidence is set up, in order to prevent it being obnoxious to a general demurrer a plea must either state the ultimate fact relied upon as a defense, or must set up such evidentiary facts as will, if proven, conclusively establish the ultimate fact. For instance, where notice is relied on as a defense the plea must aver notice, and it is not sufficient if it sets up evidence tending to show notice instead of conclusive evidence of notice. (*Smith* v. *Peoria County*, 59 Ill. 412.) So here, the plea should either have directly averred that the warrant in question entered into the judgment against Pavey, or it should have set up such evidentiary facts as would show conclusively that such warrant did, in fact, enter into that judgment. When a plea does not aver the ultimate fact relied on in defense of the action, but only sets out evidentiary facts which require a presumption, capable of being rebutted, to support them before they constitute a defense, it is bad on general demurrer.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*