## E. F. BOTKIN, *et al.*, v. A. LIVINGSTON.

1. AGREEMENT; *Collateral Undertaking to Pay Damages.* An agreement as follows: "This agreement, made and entered into this 1st of April 1870, between A. L., party of the first part, and E. F. B., and others, parties of the second part, witnesseth, that in consideration of one dollar this day paid to said parties of the second part by said first party, and in further consideration that the said party of the first part will permit the Gulf Railroad Company to build and complete the said road through the northwest quarter of section 5, township 34, range 24 east of the 6th principal meridian, without any hindrance or obstruction whatever, the said parties of the second part hereby agree to pay to the said party of the first part forthwith, on demand, all damages which the commissioners of Cherokee county may assess to be done to said land by the building of said railroad through said premises, without any appeal whatever," is a valid and binding contract.

2. WRITTEN INSTRUMENT; *Proof of Execution; Waiver.* Where an instrument is offered in evidence, and the opposite party objects to its reception, and names one ground of objection, which is overruled, and fails to object on the ground that its execution is not proven, he cannot thereafter be heard to say that the execution was not proven.

3. DEMAND; *When Action Accrues.* Under the contract above set out, before any right of action accrued, demand must have been made, and made after the assessment of damages by the commissioners.

### *Error from Cherokee District Court.*

ACTION by *Livingston* on an agreement set out in *hæc verba* in the opinion. Answer, general denial, verified by affidavit. Trial at the August Term 1873. Judgment in favor of *Livingston* for $377.40, and costs, and defendants bring the case here on error.

*A. W. Rucker*, for plaintiffs in error.

*J. N. Ritter*, and *J. R. Hallowell*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action in the district court of Cherokee county upon the following bond or agreement:

THIS agreement made and entered into this 1st day of April, 1870, between Abraham Livingston, of Cherokee county, Kansas, of the first part, and E. F. Botkin, W. A. Botkin, W. B. Spencer, H. A. Hanford, J. E. Williams, Robt. McGarvin, J. F. Gibbs, G. W. Hedge, John Cahl, and Joseph Benoist, of Baxter Springs, Cherokee county, Kansas, of the second part, witnesseth: That in consideration of one dollar, this day paid to said parties of second part by said first party, and in further consideration that the said party of the first part will permit the Missouri River, Fort Scott & Gulf Railroad Co. to build and complete the said road through the northwest quarter of section 5, township 34, range 24 east of sixth principal meridian, without any hindrance or obstruction whatever, the said parties of the second part hereby agree to pay to the said party of the first part, forthwith on demand, all damages which the commissioners of Cherokee county may assess to be done to said land by the building of said railroad through said premises, without any appeal whatever.                          ABRAHAM LIVINGSTON.

|  |  |
|---|---|
| E. F. BOTKIN. | W. A. BOTKIN. |
| W. B. SPENCER. | H. A. HANFORD. |
| J. E. WILLIAMS. | ROBT. MCGARVIN. |
| J. F. GIBBS. | G. W. HEDGE. |
| JOHN CAHL. | JOSEPH BENOIST. |

Judgment was rendered in favor of Livingston against all of the other parties, five of whom took proper exceptions, and bring the case here on error.

It is insisted that this agreement is void for uncertainty, because the "time for the performance of its conditions, the county in which the land is situated, and the parties to assess the damages, are not mentioned, and because the matters and things to be done are entirely too indefinite; and the power given too unlimited." The objections are not well taken. No time being specified, the law will imply a reasonable time. The land is sufficiently identified by section, township, and range, and by the line of the railroad. The assessors of the damages are expressly named. And the obligation of the parties is specific, definite, and limited.

Again, it is insisted that the instrument is void for want of consideration. On the contrary, a double consideration is

expressed. First, a small money-consideration, and then a stipulation to make no hindrance or obstruction to the building of a railroad through certain lands. This does not, as counsel seems to think, refer to "violent, illegal, and forcible resistance and obstruction;" but to a legal and peaceable resistance, by appeal from the assessment of damages, and application to the courts for injunctions, which often hinder if they do not finally prevent the construction of a road.

Still, again, it is insisted that the execution of the instrument is denied under oath, and that there was no proof of its execution. But the only objection made when the instrument was offered, was, that "it showed no liability on the face thereof." If a party fails to object to the introduction of an instrument on the ground that its execution is not proven, he cannot thereafter raise the question. He has waived that point. The court is under no obligation to make an objection for him. It is enough if it rules on the questions presented.

Again, it is objected that there was no proof of demand, and that the obligation is only to pay upon demand. It is doubtless true, that a promise to pay a specific sum, primarily the debt of the promisor, on demand, is treated as a promise to pay generally, and that an action may be maintained thereon without proving any prior demand. This, though it seems at variance with the expressed obligation of the parties, is the settled law. (Though see *Carter v. Ring*, 3 Camp. 459; *Simpson v. Routh*, 2 Barn. & Cress. 685; 1 Chitty's Pl. 330.) "But," as said by Mr. Justice BRONSON, "it is otherwise when one undertakes for a collateral matter, or as surety for a third person. There, if the agreement be that he will pay on request, the request is parcel of the contract, and must be specially alleged and proved." *Nelson v. Bostwick*, 5 Hill, 39. Or, as said by Mr. Justice COWEN in the same case, "A bond to pay a precedent debt on demand is satisfied by the commencement of the suit itself, which is considered a sufficient demand; but in case of any agreement to pay a sum on demand or on request, not itself due independently of the contract, the terms of the contract must be pursued." This it seems

4—16 KAS.

to us must be treated as an undertaking for a collateral matter. In case of the condemnation of the right of way for the use of a railroad, the latter is the debtor to the land-owner. The appropriation is to its use, and it must pay for such appropriation. 'This obligation is to pay such debt. The parties contract to pay no other or different sum. True, it does not in terms recite a promise to pay, if the railroad company does not; and it is not, in form, the contract of principal and surety. It reads as a principal promise. But still it must be construed with reference to the extrinsic facts upon which it is based. The promisors could not initiate the condemnation proceedings. This must be done by the railroad company. And when the condemnation is had, it is the company which owes the debt. If it pays, all right of action on this undertaking is discharged. Nothing more can be recovered of these promisors.' The amount is not to be paid twice. Whether this obligation was assumed at the request of the company, does not appear; and whether, if assumed without such request, and then paid, the payors would have any claim on the company, is a question not involved in this case, and therefore not necessary to determine. It is clearly however a promise to pay the debt of another, and therefore an undertaking for a collateral matter. We think therefore a demand was necessary. This was alleged, but after a careful reading of the testimony we do not find that one was proven. The only testimony bearing on this matter is thus stated: "J. R. H. being duly sworn said that he recognized the signature of W. A. B. and W. B. S., and had talked with them about the bond, and that he had talked with Jos. Benoist and R. McG., and each had paid a part of said bond, and acknowledged their execution thereof, and that he had made demand of said Benoist and McG., W. A. B., and J. C., before the commencement of this suit, for the amount due, but *before* this assessment was made." Now a demand before a right to make it exists, amounts to nothing; and the only demand shown is one before the assessment had determined what damages, if any, had been sus-

tained. A demand *after* the assessment, and before the commencement of the action, was essential to a right of recovery. For lack of this, the judgment must be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.