## JOHN NICCOLLS

*v.*

## JOHN FOSTER.

1. PRACTICE—*allowing improper memorandum to go to jury.* Where a plaintiff allows a receipt given by him to go to the jury with a memorandum written on its back in the handwriting of the defendant, which may have influenced the jury, and which he might have discovered, and obviated its effect by instruction, the improper evidence will afford no ground for a reversal, as being admitted through his want of proper care.

2. IMPEACHING VERDICT—*affidavit of jurors.* The affidavits of jurors and affidavits of their statements are not competent to show what the jury thought and did in their retirement in arriving at their verdict.

APPEAL from the Circuit Court of McLean county.

This was an action of assumpsit, brought by Niccolls, for the use of Williams & Burr, against Foster. A trial resulted

in a verdict and judgment in favor of the defendant. The plaintiff appealed.

Messrs. WILLIAMS, BURR & CAPEN, for the appellant.

Messrs. KARR & KARR, and Messrs. STEVENSON & EWING, for the appellee.

Per CURIAM: After a careful examination of this record, we find no sufficient ground to reverse this judgment. The evidence was contradictory, and was for the jury to weigh. The law bearing upon the evidence was fairly and with sufficient fullness given to the jury. If the testimony for plaintiff, as to the facts in dispute, was believed by the jury, the instructions would have required a verdict in his favor. There is no material matter covered by the instructions asked by plaintiff and refused by the court, which is not plainly covered by those given. It may be, that the jury in finding the verdict were influenced by the memorandum, in the handwriting of defendant, found on the back of the receipt. This might have been obviated by reasonable vigilance on the part of plaintiff, by which the memorandum would have been discovered, and the jury.might have been properly instructed on that matter.

The affidavits of the jurors and the affidavits as to the statements of jurors, were not competent to show what the jury thought and did in their retirement. The fact, however, that such a memorandum inadvertently went into the hands of the jury, raises the presumption that it may have had an influence. This, however, was the result of a want of care on the part of plaintiff. He must bear the consequences of his negligence.

The judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY: The weight of the proof seems to me to be in favor of the plaintiff. The memorandum on the back of the receipt was, no doubt, read by the jury, and controled the verdict. The existence of this memorandum was

known to defendant's attorneys, and they knew plaintiff's attorney was ignorant of the same. Common fairness demanded of defendant's attorneys that the attention of plaintiff's attorney should have been called to the memorandum. A verdict obtained by thus getting before the jury this memorandum ought not, in my judgment, to be permitted to stand.