JOSEPH W. SMITH

*v.*

SELINA SMITH.

*Opinion filed November 8, 1897.*

1. APPEALS AND ERRORS—*Appellate Court's judgment not final as to facts in chancery cases.* The rule that the judgment of the Appellate Court affirming that of the trial court conclusively settles controverted questions of fact does not apply to chancery cases.

2. SAME—*when alleged error in sustaining demurrer cannot be considered.* Alleged error of the trial court in sustaining a demurrer to an amended bill cannot be considered on appeal, where the complainant, instead of standing by the amended bill, proceeded to trial, without objection, on answer to the original bill.

3. VERDICT—*juror cannot be heard to question his own verdict.* A juror cannot be heard to question the manner by which he arrived at his verdict, nor can the verdict be impeached by evidence of outsiders as to facts derived from members of the jury as to their action.

4. INSTRUCTIONS—*whole law of case need not be set forth in each instruction.* It is not necessary that each instruction shall set forth the whole of the law applicable to the case.

*Smith* v. *Smith*, 69 Ill. App. 314, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Douglas county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

Joseph W. Smith, who is the appellant here, filed his bill in the circuit court of Douglas county, Illinois, for a divorce from his wife, Selina Smith, charging her with extreme and repeated cruelty. The wife filed her answer denying the charges, and then filed a cross-bill praying for a divorce upon the same grounds,—that is, charging him with extreme and repeated cruelty. Just before the trial, by leave of the court, the original complainant amended his bill, but the court sustained a demurrer thereto. On the issues made up upon the original and cross-bills, as to the charges of extreme and repeated cruelty, the jury found for the wife. New trial was de-

nied, and a decree was rendered granting her a divorce and alimony. On appeal to the Appellate Court this decree was affirmed, and the husband brings the cause here upon further appeal.

J. M. NEWMAN, and I. A. BUCKINGHAM, for appellant.

THOMAS W. ROBERTS, and ECKHART & MOORE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The rule that this court is concluded by the judgment of the Appellate Court as to the facts in issue, as seems to be admitted by counsel for appellant in their brief, does not apply to causes in chancery. We think, however, that in view of the conflicting nature of the evidence in this case the verdict of the jury could not properly be interfered with, even if we were asked to do so.

It is first insisted by counsel for the appellant that the trial court erred in sustaining the demurrer to his amendment to the original bill. From the record it does not appear that this question is properly preserved for review. Appellant did not stand by his amended bill, but, on answer to the original bill, proceeded to a hearing upon the same without objection. We cannot, therefore, pass upon the sufficiency of the amendment.

On motion for a new trial affidavits of several persons were presented, stating that they had heard one of the jurors, after rendering the verdict, remark that appellant was entitled to the verdict but it was given to appellee because both wanted a divorce, and the jury thought she should have something but would not get anything if they found for him. The law is settled that a juror cannot afterwards be heard to question the manner by which he arrived at his verdict. (*Smith* v. *Eames*, 3 Scam. 76; *Niccolls* v. *Foster*, 89 Ill. 386.) Nor can evidence of outsiders as to facts derived from members of the jury concerning their

action be received to impeach a verdict. (*Allison* v. *People*, 45 Ill. 37.) We think the court properly disregarded these affidavits.

The principal question urged on this appeal is as to the giving and refusing of instructions. At the instance of the appellee the court gave an instruction explaining to the jury what constituted extreme and repeated cruelty sufficient, under our law, to authorize a finding. It is objected that this instruction entirely ignores the question of condonation. We do not think the instruction erroneous for that omission. It was not necessary that this single instruction should state the whole of the law applicable to the case. The first and third of appellant's instructions clearly and forcibly state what constitutes condonation and its effect upon the right to sue for a divorce. In no view of the case could the instruction objected to be said to be erroneous or misleading.

It is insisted, also, that the court erred in refusing instructions asked by appellant as to the preponderance of evidence. Other instructions offered on his behalf correctly state the rule that a party must prove his cause by a preponderance of the testimony, and the instruction asked was, we think, but an attempt to state the same rule in two ways, and being superfluous the instruction was properly refused.

From an examination of the whole record we are unable to discover any reversible error, and the judgment of the Appellate Court affirming the decree of the circuit court will accordingly be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BOGGS, having heard this case in the Appellate Court, took no part in the decision in this court.