THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GUSTAV A. BECKER, Admr., Appellant.

*Opinion filed December 21, 1911—Rehearing denied Feb. 8, 1912.*

1. FORMER RECOVERY—*rule as to admitting parol proof where general judgment is entered on several demands.* Where several distinct items are declared upon in an action of debt and the judgment is general, the presumption, in the absence of anything in the record to the contrary, is that each item was included in the judgment; but such presumption may be overcome by parol proof showing that certain of the items were not offered in evidence and were not included in the judgment.

2. SAME—*when former recovery is not a bar.* Satisfaction of a judgment against a State Auditor's bondsmen, entered in an action of debt declaring upon six separate warrants drawn by the State Auditor in favor of himself, the State Treasurer and others, is not a bar to a recovery against the State Treasurer on the warrants drawn in his favor even though the judgment was general, where it is shown by parol proof that the warrants in favor of the State Treasurer were not offered in evidence in the former suit, and that the judgment recovered was based only upon the warrants in favor of the State Auditor.

3. SAME—*when the State Auditor and State Treasurer are not joint tort feasors.* The State Auditor and State Treasurer are not joint tort feasors in the matter of wrongfully drawing and paying warrants on the State treasury, and the only sense in which they and their bondsmen are jointly liable, the one with the other, is, that there can be but one satisfaction for the money or moneys wrongfully drawn from the State treasury.

FARMER and COOKE, JJ., dissenting.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

Charles Becker was Treasurer of the State of Illinois from January 14, 1889, to January 12, 1891, and Charles W. Pavey was Auditor of Public Accounts from January 14, 1889, to January 9, 1893. During the time Pavey was Auditor he drew six warrants against, and payable out of, the moneys then in the State treasury which had been collected by the State and paid into its treasury as the cost of the State for collecting and disbursing the principal and interest upon registered bond funds. These warrants were as follows:

| No. | Date. | Amount. | To whom Issued. |
|---|---|---|---|
| 11062 | Sept. 30, 1890 | $10,748.21 | Charles W. Pavey |
| 12320 | Sept. 30, 1892 | 9,224.08 | Charles W. Pavey |
| 11061 | Sept. 30, 1890 | 9,611.50 | Charles Becker |
| 1402 | Jan. 19, 1891 | 846.10 | Charles Becker |
| 1592 | Jan. 24, 1889 | 1,022.51 | John R. Tanner |
| 12319 | Sept. 30, 1892 | 8,416.71 | Edward S. Wilson |

Said warrants were all paid out of the State treasury.

On May 1, 1908, Charles Becker being dead, the Attorney General, on behalf of the State, filed two claims against his estate in the probate court of St. Clair county, where the said estate was in the course of administration. One claim was designated as "Claim No. 1," and was based upon the warrants issued to Becker, which aggregated $10,457.60; and the other claim was designated as "Claim No. 2," and was based upon the warrants issued to Pavey, which aggregated $19,972.29. On October 30, 1908, claim No. 2 was dismissed, and on November 11, 1908, claim No. 1 was allowed against the estate of Becker as a sixth-class claim for $10,457.60 and was ordered paid in the due course of administration.

On the 21st of March, 1908, the Attorney General, on behalf of the State, commenced an action of debt in the

circuit court of Jefferson county upon the official bond of Pavey, and on April 2, 1908, filed a declaration in said action upon said official bond in which he assigned six breaches, a several breach being assigned upon each of the six warrants hereinbefore described. On the 14th day of April, 1908, the circuit court of Jefferson county rendered judgment in said action of debt in favor of the State for $19,972.29 damages, in the following form: "And this cause coming on now to be heard, it is ordered that the said defendants be called, and having each been three times solemnly called in open court to answer, plead or demur, they came not, nor anyone for them, but herein make default; and the court, after hearing the evidence, considers and orders that the plaintiff, the People of the State of Illinois, have and recover of and from the said defendants, Charles W. Pavey, Williamson C. Pace, John R. Allen and Alvin Gilbert, the sum of $19,972.29 and costs, and execution awarded therefor." This amount was fully paid and judgment was satisfied.

On February 6, 1911, the claim allowed against the estate of Becker remaining unsatisfied of record, the administrator of Becker filed what he designated as his final report in the probate court of St. Clair county, which report, among other things, contained the following statement: "He further reports that the claim allowed against said estate by this court in favor of the People of the State of Illinois in the sum of $10,457.60 has been fully satisfied by the recovery and satisfaction of a judgment by the People of the State of Illinois against Charles W. Pavey *et al.* in the circuit court of Jefferson county, Illinois, and he asks to be discharged from any further liability on account of said claim." On March 9, 1911, the Attorney General, on behalf of the State, filed exceptions to said report in so far as it stated the claim of the State probated against the estate of said Becker had been paid by the satisfaction of the judgment recovered against Pavey. Thereafter the pro-

bate court of St. Clair county overruled the exceptions filed by the Attorney General and approved said administrator's report. An appeal was perfected by the Attorney General to the circuit court of St. Clair county, where the exceptions of the Attorney General were sustained and the judgment of the probate court was reversed, and an appeal has been prosecuted by the administrator of Becker from the judgment of the probate court to this court.

FRED B. MERRILLS, and L. D. TURNER, for appellant.

W. H. STEAD, Attorney General, (B. F. LINCOLN, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

The question presented upon this appeal for decision is, did the satisfaction of the judgment recovered against Pavey in the circuit court of Jefferson county operate as a satisfaction of the judgment entered against the estate of Becker in the probate court of St. Clair county? We are of the opinion it did not. The judgment of the probate court of St. Clair county was a valid adjudication against the Becker estate when rendered, and unless the warrants which formed the basis of that judgment were included in the judgment rendered by the circuit court of Jefferson county against Pavey, which was satisfied, there was no satisfaction of the judgment against the Becker estate. The six warrants were counted upon in the declaration in the suit in the circuit court of Jefferson county against Pavey, and the record of that court fails to show that any one of the said warrants was withdrawn. The judgment was general, and the presumption would obtain, we think, in the absence of extrinsic evidence, that each warrant declared on entered into the consideration of the court in making up its judgment. That presumption, however, might be overcome by parol proof showing that the warrants which formed

the basis of the judgment against the Becker estate were not offered in evidence in the Jefferson circuit court and were not included in the Pavey judgment.

The case of *Palmer* v. *Sanger,* 143 Ill. 34, is in point. In that case a claim was presented against an estate for $12,745, which consisted of nine separate items, the last of which was a note secured by a mortgage on real estate. The claim was allowed for $5891.62, and the judgment was general in form, and the records of the county court did not show that any item or items of the account had been withdrawn from the consideration of the court. Afterwards a bill was filed to foreclose the note and mortgage which had been included in the account filed in the county court, and the judgment of the county court upon the claim was offered in evidence, and it was insisted that the judgment of the county court was a bar to the foreclosure suit. The complainant in the foreclosure suit made proof, by parol, that the note secured by the mortgage then sought to be foreclosed was not offered in evidence in the county court, and that the judgment of the county court was not based, in whole or in part, upon said note, but was based entirely upon other claims mentioned in the account. The court held that as the note mentioned in the mortgage was included in the account filed in the county court and had not been withdrawn, and the judgment was general in form, it would be presumed the note was included in the probated claim, but as the parol evidence introduced in the foreclosure suit clearly showed the note was not included in the claim as allowed, the judgment of the county court was not a bar to the foreclosure suit. On page 39 of the opinion the court said: "We think the record shows *prima facie* an adjudication upon the whole indebtedness probated. The judgment is general. It nowhere appears by the record that any item in the claim filed was dismissed or withdrawn, hence presumably each item entered into the consideration of the court in making up its judgment. It does

not follow, however, that such presumption may not be overcome by parol proof showing that certain of the items were not so considered. The total indebtedness filed against Sanger's estate was not a single claim, but nine claims presented together. That some of these did not enter into the judgment of the county court is clearly shown by the amount allowed. What disposition the court made of the other items is left in doubt, and parol evidence to remove that uncertainty does not contradict the record in the sense that makes such testimony inadmissible as against a record. * * * It was competent for the complainant below to prove by parol, if she could, that item 9 of her claim against the estate of Lorenzo P. Sanger was never, in fact, passed upon by the county court of Cook county."

In *Chicago, Burlington and Quincy Railroad Co.* v. *Schaffer,* 124 Ill. 112, it was said, on page 121: "When a former recovery is relied on as a bar, parol evidence not contradictory of the record may, in case of such doubt, be introduced to show what was included within and investigated on the trial of the issue. If the face of the record does not show the full and true state of the controversy and the matters investigated, parol evidence must be admitted to supply what is not shown."

Mr. Greenleaf, in his work on Evidence, (14th ed. sec. 532,) says: "When a former judgment is shown by way of bar, whether by pleading or in evidence, it is competent for the plaintiff to reply that it did not relate to the same property or transaction in controversy in the action to which it is set up in bar, and the question of identity thus raised is to be determined by the jury upon the evidence adduced."

The evidence in this case shows, without contradiction, that the judgment in the Pavey case was entered, by agreement, for the face of the two warrants drawn in Pavey's own favor and collected by him from the State Treasurer, and that the warrants issued to Becker, and which form the

basis of the probate court judgment, were not offered in evidence or considered by the probate court in making up the judgment in that court. The appellant alleged in his report filed in the probate court that the Becker judgment had been paid, and it devolved upon him to sustain such allegation. This he failed to do, and the circuit court properly sustained exceptions to his report in that particular.

It is next contended the Auditor and Treasurer were joint tort feasors, and as the State had accepted the amount of the Pavey judgment from Pavey and his bondsmen and released Pavey, such release worked a discharge of the Becker estate, Becker having been a joint tort feasor with Pavey. The Auditor and Treasurer were not joint tort feasors. (*Whittemore* v. *People,* 227 Ill. 453.) Their acts were not joint acts. The wrongful act of Pavey was in drawing the warrants and the wrongful act of Becker was in paying them, and whatever liability the law attached to their several acts was a distinct and separate liability, which could be enforced against them, or them and their bondsmen separately. The only sense in which they and their bondsmen were jointly liable, the one with the other, was that there could be but one satisfaction for the money or moneys wrongfully withdrawn from the State treasury, and as there will be but one satisfaction of the claim against the Becker estate if it shall be paid to the State by the administrator, the appellant is not in a position to claim that the estate has been wronged by reason of the fact that the State has forced Pavey to liquidate his liability.

Finding no reversible error in this record the judgment of the circuit court of St. Clair county will be affirmed.

*Judgment affirmed.*

FARMER and COOKE, JJ., dissenting.