## Joseph Carneghi, Administrator, Appellee, v. Theodore P. Gerlach, Appellant.

### Gen. No. 6,379.

1. AUTOMOBILES AND GARAGES, § 3*—*when contributory negligence of city street sweeper is question for jury.* Whether a city street sweeper engaged at his work in a street was negligent because he was paying attention to his work and not to the approach of an automobile or because his back was to such approaching car, *held* to be questions for the jury, in an action to recover damages for injuries sustained by him.

2. AUTOMOBILES AND GARAGES, § 3*—*when evidence shows negligent operation of automobile striking city street sweeper.* Evidence *held* sufficient to show that defendant's chauffeur was negligent in the management of his automobile by running it at a greater rate of speed than was consistent with the safety of plaintiff's decedent,

a city street sweeper engaged at his work in the street, whom the chauffeur' was observing for some time as he approached, and by not turning out soon enough to avoid striking the sweeper, in an action to recover damages for personal injuries.

3. LIMITATION OF ACTIONS, § 68*—*what does not constitute statement of new cause of action.* Where a declaration, in an action to recover damages for personal injuries, charging that the defendant, by his agent or servant, so carelessly, negligently, wantonly and wilfully drove, operated and ran his automobile and motor vehicle, and that by such wilful negligence and improper conduct of defendant's agent and servant the automobile struck the deceased, was amended so as to read that the defendant by his agent or servant so carelessly, negligently, wantonly and wilfully drove, operated and ran his automobile that by and through the wilful negligence and improper conduct and carelessness and negligence aforesaid of defendant by his agent and servant the automobile struck the deceased, *held* that such amendment did not state a new cause of action but merely amplified the charge in the declaration of the servant's negligence and carelessness in the operation of the automobile.

4. EVIDENCE, § 67*—*when release not admissible in evidence.* A release executed by plaintiff to a city of all claims and demands growing out of the 'fact plaintiff's decedent died as a result of personal injuries received by him while he was employed by the city as a street sweeper by being struck by defendant's automobile, is properly excluded, in an action to recover damages for such injuries in which the city was not made a party and no liability of the city was charged in the declaration or shown in the evidence.

5. INSTRUCTIONS, § 151*—*when properly refused because covered by other instructions.* An instruction is properly refused where it sets out a principle of law more clearly and fully embodied in other given instructions.

6. INSTRUCTIONS, § 120*—*when requested instruction properly refused as inapplicable to the evidence.* An instruction is properly refused where it erroneously refers to a certain automobile which caused the injury complained of, in an action to recover damages for personal injuries, as approaching from the west when all the evidence shows it was approaching from the east, as such error might tend to confuse the jury.

7. INSTRUCTIONS, § 96*—*when instruction on credibility of witnesses is properly refused.* An instruction that the jury are the judges of the credibility of the witnesses and have no right to disregard the testimony of an unimpeached witness, if any, sworn on behalf of defendant, simply because such witness was an employee

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of such defendant, but that they should receive the testimony of such witness in the light of all the evidence the same as' the testimony of any other witness, and determine the credibility of such employee by the same principles and tests by which they determine the credibility of any other witness, *held* to be of doubtful propriety, and its refusal was not error where the court gave an instruction directing the jury's attention to the proper and approved tests which apply to all the witnesses.

8. INSTRUCTIONS, § 159*—*consideration as a series.* The giving of an instruction *held* proper when considered in connection with those preceding and following it, together containing a complete and correct statement of the law concerning the matters embraced therein.

· Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917. Rehearing denied ·July 31, 1917. *Certiorari* denied by Supreme Court ·(making opinion final).

FREDERICK A. HILL and SHEPARD, McCORMICK, THOMASON, KIRKLAND & PATTERSON, for appellant; WEYMOUTH KIRKLAND, of counsel.

SNAPP, HEISE & SNAPP, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from a judgment recovered in the Circuit Court of Will county, by the appellee, Joseph Carneghi, administrator of the estate of Angelo Chignoli, against the appellant, Theodore P. Gerlach. The recovery is based on the alleged negligence of the appellant's chauffeur. The declaration originally charged that the appellant, by his agent or servant, so carelessly, negligently, wantonly and wilfully drove, operated and ran his automobile and motor vehicle, and that, by such wilful negligence and improper conduct of appellant's agent and servant, the automobile struck the deceased. The appellant pleaded the general issue to the declaration.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

At the close of all the evidence the declaration was amended by leave of court so that the count containing the charge of negligence was made to read that the appellant, by his agent or servant, so carelessly, negligently, wantonly and wilfully drove, operated and ran his automobile and motor vehicle that by and through the wilful negligence and improper conduct, and carelessness and negligence aforesaid, of the appellant, by his agent and servant, the automobile struck the deceased.

To this amended count, the appellant pleaded the statute of limitations. A demurrer was sustained to the plea, and the appellant elected to stand by the plea. The general issue on file was thereupon allowed to stand to the amended count, upon which the case was submitted to the jury.

A jury trial resulted in a verdict finding the appellant guilty and assessing appellee's damages at $4,000. Subsequently, after a motion for a new trial by the appellant had been overruled, the court entered judgment for the amount of the verdict and accrued interest thereon amounting to the sum of $4,016, and from this judgment the appellant prosecutes this appeal.

The accident which caused the injuries to appellee's intestate, Chignoli, and which resulted finally in Chignoli's death, occurred between 2 and 4 o'clock in the afternoon of October 3, 1914, on Jefferson street, in the City of Joliet, at a point slightly to the west of the front of the Masonic Temple building, which is located on the north side of the street, and about midway between Eastern avenue and Michigan street. The street car tracks of the C. & J. Co. are located in the center of Jefferson street, the eastbound track being on the south side of the center line, and the westbound track being on the north side of the center line of the street. The tracks are of standard width, namely, 4 feet 8½ inches, and the space between the

south track and the north track is about 5 feet. The street is paved with brick, and the pavement between the street car tracks and about 18 inches on either side is somewhat smoother than the pavement on the rest of the street, and therefore preferred and more in use for automobile travel.

The proof shows that appellee's intestate, Chignoli, was a street sweeper, in the employ of the City of Joliet, and on the day of his injury was following his occupation at the place where the accident occurred. He was at work sweeping with a push broom at or near the center of the street, with his back turned towards the direction in which appellant's chauffeur was coming in the automobile which caused the injury. The chauffeur in his testimony says that he turned into Jefferson street from Eastern avenue, and as he approached the Masonic Temple from the east ran astraddle of the north rail of the north street car track; that he noticed the street sweeper right after turning into Jefferson street; that the sweeper was on the south street car track, sweeping, and that while at work on the south track the sweeper was in the path of an automobile which was rapidly approaching from the west; that the driver of this automobile shortly before he reached the street sweeper blew his horn, and that the street sweeper thereupon jumped from where he then was at work quickly and suddenly into the path of his own automobile.

The chauffeur also testified that as he was approaching the sweeper he had a clear view of the street ahead of him from the time he turned into Jefferson street at Eastern avenue; that he distinctly saw the sweeper for the distance of an ordinary block; and he must have taken particular notice of him, and of what he was doing, as he approached him, for in his testimony he emphasized the fact that the sweeper was pushing his broom in all directions; that sometimes he would walk and push, and sometimes he would just stand

still and brush. It is clear that under these circumstances it was the duty of the chauffeur to manage his automobile with such a degree of care as not unnecessarily to endanger the sweeper while he was thus attending to his work.

It must be remembered that the sweeper was rightfully in the street, at the place where he was at work, and as to whether or not he was guilty of any negligence because his attention was on his work and not on the approach of appellant's car, or because, at that time, he had his back to appellant's car while performing his work on the street, were all questions for the jury to determine; but he had a right to rely on the fact that the drivers of the automobiles using the street, who had knowledge of his presence and saw him at work, would exercise reasonable care in managing their automobiles not to injure him.

In his testimony the chauffeur sought to excuse his act of running into the street sweeper by the statement that the street sweeper suddenly jumped from the path of the automobile approaching from the west into the path of his own automobile, when he was but 20 or 25 feet away, coming at the rate of 10 to 12 miles an hour, and that, on account of this sudden and unexpected jump in front of his automobile he did not have sufficient time to stop his car, or turn it aside to avoid striking the sweeper. The weight of the evidence, however, does not sustain the chauffeur in this statement. The evidence preponderates to show that the street sweeper was not on the south track, as stated by the chauffeur, during the time that the chauffeur was approaching him, but was at work at or near the north track, with his back turned all the time towards the approaching car, and that there was no such sudden change in his position just before he was struck, and that he was struck in the back and knocked down face forward when he was going through the ordinary and usual motions pertaining to his work of sweeping

and handling the push broom. Even the witness Tilton, who was called on the part of the appellant to corroborate the chauffeur concerning the sudden jump of the sweeper into the pathway of the appellant's automobile, directly contradicts him. He testified that when he first saw the street sweeper, which was just before he was struck, he was near the north rail of the south track, and that upon the approach of an automobile from the west he moved quickly over towards the north, and that when the automobile hit him "he was close to the south rail of the north track," and "on the south side of the south rail of the north track": that is to say, the street sweeper was near the middle of the street, within the 5-foot space between the south track and the north track, and stepped and moved within this space from near the north rail of the south track to the south rail of the north track, which would be just an ordinary step which would naturally be taken by a street sweeper at any time in the performance of his work. The position of the sweeper where the witness Tilton first saw him was not in the path of the automobile coming from the west, which according to the testimony of the chauffeur was coming astraddle of the south rail of the south track; nor did he step into the pathway of appellant's automobile, which was coming, as the chauffeur states, astraddle of the north rail of the north track.

From the path of the eastbound automobile coming astraddle the south rail of the south track, to the path of the approaching automobile coming astraddle of the north rail of the north track, there was a distance, according to the chauffeur's own testimony, of 8 or 10 feet. If, as he says, the sweeper was in the path of the eastbound automobile and from there suddenly jumped into the path of his car, he must have covered a distance of at least 8 feet. It is needless to say that a sudden jump of that character made by a man 62 years of age was so remarkable in its charac-

ter that it would have attracted the attention of every one of the witnesses who were looking that way, yet none of the witnesses in the case appears to have seen it. The statement of the chauffeur, therefore, was inconsistent with, and at variance with the other witnesses in the case, and the jury probably did not believe it to be true, and they were fully justified in disbelieving it. We regard it as a reasonable and just inference from all the evidence in the case that the chauffeur was negligent in the management of his car, not only in running it at a greater rate of speed than was consistent with the safety of the street sweeper, whom he admits he was observing, but that he was negligent also in not turning out soon enough to avoid striking the sweeper.

The appellant contends that the amendment of the court upon which the case was tried stated a new cause of action, and that the new cause of action was alleged after the statute of limitations had run. We cannot agree with this contention. The declaration in its original form charged appellant's servant with negligence and carelessness in the operation of the automobile, and the amendment merely amplified this charge, and did not state a new cause of action. The demurrer to the plea was, therefore, properly sustained.

Error is assigned, also, on the refusal of the court to admit in evidence a release executed by the appellee as administrator of the estate of Angelo Chignoli, which by its terms releases the City of Joliet of all claims and demands growing out of the fact that the deceased died as a result of personal injuries received by him in the accident in question and while employed by the City of Joliet as street sweeper. It is evident from the record that there was no liability on the part of the City of Joliet for any tort, with which the appellant was charged in the declaration and shown by the evidence, this tort being the legal basis for a re-

covery in the case. The City of Joliet was not liable therefore, and it was not a party to the suit, and could not properly have been made a party to the suit, and the release does not purport to be a release of any liability incurred by the appellant for the tort alleged to have been committed by his chauffeur. It is apparent, therefore, that the release adjusted some liability of the City of Joliet other than the one involved in this case, and hence the release had no bearing upon the issues submitted to the jury. We are of opinion that the release was properly excluded.

The giving and refusal, as well as the modification of certain instructions are assigned as error; and appellant insists that defendant's sixteenth instruction, which the court refused to give, correctly states the law, and that it should have been given; that a similar instruction has been sustained as proper in *Chicago Union Traction Co. v. Browdy,* 206 Ill. 615. Upon the reading of the instruction in the *Browdy* case, however, it appears that the instruction passed on there has in it an element which is left out in the instruction under consideration, but which is necessary to an accurate statement of the law involved. The words "unexpectedly and without the knowledge of the defendant," which are in the instruction in the *Browdy* case, *supra,* were left out in the language used in the instruction in this case, and it was therefore properly refused.

Appellant also complains of the refusal of his twenty-first instruction. Inasmuch as the principle of law set out in this instruction was more clearly and fully embodied in the instructions numbers 11 and 15, which were given for appellant, he was not entitled to have the same matter again stated in another instruction. Moreover, this instruction erroneously refers to the automobile, which caused the injury to the deceased, as approaching from the west, when all the evidence shows that it was approaching from the east, and this

error of itself might have had a tendency to confuse the jury.

Appellant also complains of the refusal of the seventeenth instruction. The instruction is as follows:

"You are instructed that while you are the judges of the credibility of the witnesses, you have no right to disregard the testimony of an unimpeached witness, if any, sworn on behalf of the defendant, simply because such witness was an employee of the defendant, but it is your duty to receive the testimony of such witness in the light of all the evidence the same as you would receive the testimony of any other witness, and to determine the credibility of such employee by the same principles and tests by which you determine the credibility of any other witness."

The instruction is of doubtful propriety, and we are of opinion that there was no error in the refusal of the instruction, since the court gave to the jury instruction "G," which directs the attention of the jury to the proper and approved tests, which apply to all the witnesses. (*Cicero & Proviso St. Ry. Co. v. Rollins,* 195 Ill. 219.)

Concerning appellant's objection to the giving of instruction "E," it is sufficient to say that this instruction must be considered in connection with instruction "D," which preceded it, and instruction "F," which followed it; these instructions supplement each other, and together contain a complete and correct statement of the law concerning the matters embraced therein. (*Chicago & E. I. Ry. Co. v. Hines,* 132 Ill. 161; *Smith v. Smith,* 169 Ill. 623; *Dukeman v. Cleveland, C., C. & St. L. Ry. Co.,* 237 Ill. 104; *Chicago & E. I. Ry. Co. v. Crose,* 214 Ill. 602.)

The modification of appellant's eleventh instruction, by interpolating the words "in time to have avoided being injured" was properly made. The interpolated words, used in connection with and after the phrase "or by the exercise of ordinary care and caution on his part, could have known of the approach thereof"

(meaning appellant's auto), more accurately expressed the point of law involved.

The record does not disclose any reversible error, and the judgment is affirmed.

*Judgment affirmed.*