West Side Bank of Evansville v. Parr, 219 Ill. App. 545.

## West Side Bank of Evansville, Administrator of Estate of Charles L. Mallinson, Deceased, Appellee, v. F. J. Parr, Appellant.

1. GUARANTY, § 39*—*when verdict is responsive.* In an action to recover the amount of a judgment against plaintiff's intestate, where it was claimed that defendant had failed to take up a note for $625 which he had guaranteed the decedent should not be required to pay, and the common counts were filed together with a special count describing the note, a general verdict finding the issues for plaintiff with damages at $575 was responsive and would apply to each of the common counts as well as the special count, although the note showed no payment indorsed, and the amount of the note, with interest, would have been $718.56 at the time of the verdict.

2. EVIDENCE, § 323*—*when parol admissible to show matters considered on trial.* In an action to recover the amount of a judgment against plaintiff's intestate, where it was claimed that defendant had failed to take up a note for $625, which he had guaranteed the decedent should not be required to pay, and where the common counts were filed together with a special count describing the note, and there was a general verdict for $575, plaintiff could have shown by parol, if such was the fact, that nothing was considered on the trial other than the note, or that no evidence was offered in support of any count other than the special one. In the absence of such evidence the Appellate Court could not say that the verdict was based solely on the note, as must have been to sustain the judgment.

3. ACTION, § 15*—*when demand is condition precedent to note.* A demand was necessary as a condition precedent to an action on an obligation to pay the note of another before a certain day, the rule being otherwise where a party agrees to pay his own debt on request; such being regarded as an undertaking to pay generally and no special request need be alleged.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1920. Reversed. Opinion filed October 27, 1920.

WILEY & MOREY, for appellant.

H. G. MORRIS, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXIX 35

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

E. J. Strader and Charles L. Mallinson entered into an agreement in writing, in which for a consideration therein stated, the former obligated himself to purchase and procure possession of a promissory note for $625, dated May 25, 1914, due six months after date, signed by Charles L. Mallinson, sold by E. J. Strader to the First National Bank of West Salem, Illinois, and to deliver such note to said Mallinson on or before October 1, 1914, and to save and keep him harmless from the payment of the note or any part thereof.

The agreement also contained provisions in reference to another note not material, in this case, for the reason that so far as such last-named note is concerned the agreement was complied with.

Together with this agreement, and the indorsement thereon, was an additional one executed by appellant, under seal, whereby in consideration of the first agreement and for value received he guaranteed the fulfillment of the provisions and agreements therein made by E. J. Strader and in default thereof promised and agreed to pay Charles L. Mallinson on demand after October 1, 1914, the sum of $625, being in full settlement and release of his (appellant's) liability.

E. J. Strader did not purchase, procure possession of and deliver to Charles L. Mallinson the note in question described in the agreement but the First National Bank of West Salem, Illinois, brought a suit in which the declaration filed contained a count upon said note in question and the common counts and recovered a judgment against Charles L. Mallinson for $575 and cost.

Charles L. Mallinson paid the judgment so rendered against him and brought this action in assumpsit against appellant. After the action was begun he departed this life and West Side Bank of Evansville, as administrator of his estate, was substituted as plaintiff.

At the close of the evidence the court instructed the jury to return a verdict for the appellee, which was done, and judgment was rendered on such verdict for $591.26 and cost.

Appellee, to maintain its case, offered in evidence the agreement showing the obligation of E. J. Strader and the guarantee of the fulfillment thereof by appellant; certified copies of the summons, declaration, note and judgment in the case of *First National Bank of West Salem v. Charles L. Mallinson*, in the circuit court of Edwards county, Illinois, rendered at the November term, 1915, and evidence showing payment of such judgment by Charles L. Mallinson.

The note, described in the first count of the declaration, was for $625 and bore interest at 7 per cent from May 25, 1914. The record does not show the date on which the verdict of the jury was returned but it was at the November term, 1915, which began November 8. The note does not show any payment indorsed thereon and on that day the amount of principal and interest on such note would have been $718.56. The verdict returned found the issues for the plaintiff assessing its damages at $575. This general verdict was responsive and would apply to each of the common counts as well as the special count in the declaration. (*Jernberg v. Mix*, 199 Ill. 254, 257-258; *Southern Ry. Co. v. Drake*, 107 Ill. App. 12, 20.) Appellee could have shown by parol, if such was the fact, that nothing was considered on the trial of the case other than the note; or that no evidence was offered in support of any count in the declaration contained, other than the special count on the note in question. (*People v. Becker*, 253 Ill. 131, 135-136; *People v. Wilson*, 260 Ill. 145, 148-149.) In the absence of evidence of that kind we cannot say the verdict and judgment were based solely on the note, as must be in order to furnish evidence upon which the judgment in this case could be maintained.

The obligation of appellant is to pay "on demand after October 1, 1914" and no demand was made before this suit was instituted. Appellee argues that bringing this suit is a sufficient demand.

"When a party agrees to pay his own debt on request, it is regarded as an undertaking to pay generally, and no special request need be alleged. But it is otherwise when he undertakes for a collateral matter, or as a surety for a third person. There, if the agreement be that he will pay on request, the request is parcel of the contract, and must be specially alleged and proved: *Devenly v. Welbore,* Cro. Eliz. 85; *Hill v. Wade,* Cro. Jac. 523; *Waters v. Bridge,* Cro. Jac. 639; *Birks v. Trippet,* 1 Saund. 32, and note (2); *Harwood v. Turberville,* 6 Mod. 200; Com. Dig., Pleader, c. 69; *Sicklemore v. Thistleton,* 6 Mau. & Sel. 9; *Carter v. Ring,* 3 Camp. 459; *Douglass v. Reynolds, Byrne & Co.,* 7 Pet. (U. S.) 113; 2 Saund. 108, note (3); Lawes' Pl. 232, 251; 1 Chit. Pl. 363, Ed. of 1837. Here there was no precedent debt or duty upon Nelson. He was a surety, and in becoming so he had a right to make his own terms. The condition of the bond is, that Shumway (a defendant not served), the principal debtor, shall pay on demand. The demand is a parcel of the contract, and is in the nature of a condition precedent to a right of action on the bond." *Nelson v. Bostwick,* 5 Hill (N. Y.) 37, 40 Am. Dec. 310; 12 Ruling Case Law 1094, par. 47; *Botkin v. Livingston,* 16 Kan. 39, 41.

In the case of *First Nat. Bank of Waterloo v. Story,* 200 N. Y. 346, 21 Ann. Cas. 542 and 34 L. R. A. (N. S.) 154, the court quotes with approval what is said in *Nelson v. Bostwick, supra.* In notes in 21 Ann. Cas. 545 and 34 L. R. A. (N. S.) 154, will be found a number of cases cited supporting the proposition that a demand is necessary as a condition precedent to an action on a promise to pay on demand the debt of another.

In *Illinois Surety Co. v. Munro,* 289 Ill. 570, 574, the court said: "A guarantor may impose any terms or conditions in his guaranty which he may choose and will only be liable to the holder according to the terms of the agreement." According to the terms of appellant's agreement he is to pay, if at all, "on demand after October 1, 1914" and we find as an ultimate fact that suit cannot be maintained against him, on such guarantee, until after a demand has been made subsequent to that date.

The court should have directed a verdict for appellant and not for the appellee.

*Judgment reversed.*