Victor Zboinsky and Anna Zboinsky; on Appeal of Victor Zboinsky, Appellant, v. Peter Wojcik, Walter Wojcik, and George Grams, also Known as George Gramza: Walter Wojcik, Appellees.

Gen. No. 45,621.

Opinion filed June 9, 1952. Released for publication June 30, 1952.

JAMES J. SMEJKAL, and A. A. BROWNE, both of Chicago, for appellant; JOHN A. CERVENKA, JR., and THEODORE A. SPENCE, both of Chicago, of counsel.

HUBERT E. CANNON, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Victor Zboinsky and Anna Zboinsky filed a three-count complaint in the superior court of Cook county against Peter Wojcik, Walter Wojcik and George Grams. The first count, on behalf of Victor Zboinsky, alleged that Peter Wojcik was the owner of the premises improved with a building at 3413 West 51st Street, Chicago, the front part of which he leased to George Grams for the conduct of the business of selling alcoholic liquors at retail; that Peter Wojcik and his son, Walter Wojcik, on December 15, 1946, were patrons of the dram shop operated by Grams; that Grams sold the Wojciks intoxicating liquors, causing them to be

intoxicated; that as a direct result of such intoxication the Wojciks, without any cause or provocation, assaulted and beat plaintiff, causing him to become lame and sick; that as a result he became incapable for a long space of time of transacting his affairs and business and became permanently disabled; and that he was injured in his means of support. He asked that by virtue of the provisions of the Dram Shop Act he be awarded $25,000.

The second count, on behalf of Anna Zboinsky, the wife of Victor Zboinsky, alleged that she is dependent upon him for support and that as a result of the injuries suffered by him she has been compelled to support herself and other members of her household. She asked damages of $25,000 for loss of her means of support by virtue of the provisions of the Dram Shop Act. The third count, on behalf of Victor Zboinsky, alleged that on or about December 15, 1946, Peter Wojcik and Walter Wojcik, without any provocation, wilfully, wantonly and maliciously beat, struck and kicked him on his face, head and divers part of his body, as a result of which he suffered various injuries and a permanent injury to a vital part of his body which will permanently disable him; and that by reason of the premises he was damaged in the sum of $25,000. He asked judgment against Peter Wojcik and Walter Wojcik in the sum of $25,000 as actual damages and in the further sum of $25,000 as punitive damages.

Peter Wojcik and Walter Wojcik filed separate answers. The answer of Walter Wojcik stated that as a result of an argument with Victor Zboinsky, he, Walter Wojcik, struck Victor Zboinsky "a solid smash on his jaw"; and that Victor Zboinsky showed no ill effects of the blow and was not seriously injured. The record does not show whether George Grams filed an appearance. On motion of the attorney for Peter Wojcik "under counts one and two of the complaint"

228

for a severance in the trial of the cause as to counts one and two "and the court being fully advised and all parties being represented by their respective counsel," the court ordered that the motion "for a severance in the trial, of said cause as to counts one and two is hereby allowed," and that "the trial of the above cause shall first proceed on count three of the complaint, and that the trial of the cause on counts one and two, stand continued pending the disposition of the cause on count three." A trial on count three resulted in a verdict finding Peter Wojcik not guilty and finding Walter Wojcik guilty and assessing plaintiff's damages at $10,000. The jury also returned a special interrogatory finding Walter Wojcik guilty of wilfull and wanton conduct as alleged in the complaint, that such conduct proximately caused the injuries complained of by Victor Zboinsky, and that "malice is the gist of this action." On the issues joined in the third count a judgment was entered in favor of Victor Zboinsky and against Walter Wojcik for $10,000 and in favor of Peter Wojcik and against Victor Zboinsky.

A *capias ad satisfaciendum* was issued against Walter Wojcik on December 14, 1950, and executed on March 13, 1951. On April 10, 1951, Walter Wojcik filed a petition in the nature of a writ of *audita querela*. The pertinent allegations of the petition are that on February 17, 1951, plaintiffs executed and delivered for a valuable consideration a general release of all claims arising or growing out of an accident, casualty or event which occurred on or about December 15, 1946; that the Western Casualty & Surety Company paid to plaintiffs on February 17, 1951, "the sum of $1500.00 in full settlement of all claims for personal injuries and loss of support-accident: December 15, 1946," under a certain policy; that on April 4, 1951, petitioner learned for the first time that plaintiffs had

released their cause of action against Peter Wojcik and George Grams; and that the release of two joint tort-feasors by operation of law released him. He prayed that the judgment entered against him be satisfied of record, that the *capias* be quashed, and that he be released from custody. On April 10, 1951, the court, having read the petition and heard arguments of counsel, granted the prayer of the petition, quashed the *capias* and released the defendant. On April 12, 1951, Victor Zboinsky was granted leave to file an answer to the petition of Walter Wojcik "nunc pro tunc as of April 10, 1951." Victor Zboinsky appeals.

On the hearing petitioner introduced a release dated February 17, 1951, signed by plaintiffs, acknowledging receipt of $1,500 paid to them by Peter Wojcik and George Grams. This document released Peter Wojcik and George Grams from all claims and demands growing out of any accident, casualty or event occurring at any time before the date thereof, "including without limiting the generality of the foregoing, all claims and demands arising or growing out of an accident, casualty or event which occurred on or about the 15th day of December, 1946, whereby the undersigned (Victor Zboinsky and Anna Zboinsky) were injured in person or property, or means of support, by one or more intoxicated persons, which injuries and the causes thereof are more particularly set forth in the pleadings filed in the Superior Court of Cook County in a case entitled Victor Zboinsky and Anna Zboinsky vs. Peter Wojcik et al., being case No. 47S 8641 of the cause of said court." Petitioner also introduced a draft dated February 27, 1951, from the insurance company for $1,500 payable to plaintiffs "in full settlement of all claims for personal injuries and loss of support—accident: December 15, 1946, at 3413 West 51st Street, Chicago, Illinois."

It will be observed that Count three is a separate and distinct cause of action. It was brought under the common law. Counts one and two are based on the Dram Shop Act. There are no allegations in Count three from which it can be inferred that the assault and battery therein charged was connected with the dram shop offense charged in Counts one and two, or that the injuries sustained by Victor Zboinsky were due to the acts of an intoxicated person or persons. The severance was granted on the motion of Peter Wojcik. He was found not guilty under Count three. The record does not show that there was any objection to the severance. Sec. 44 of the Civil Practice Act, providing for the joinder of causes of action, states that the court may in its discretion order separate trials of any such causes of action if they cannot be conveniently disposed of with the other issues in the case. Evidently the parties believed the third count stated a separate and distinct cause of action. In the trial of the issues on that count the jury found that Peter Wojcik was not a wrongdoer.

██ Count three prays for judgment in the sum of $25,000 as actual damages and the further sum of $25,000 as punitive damages. In the trial Walter Wojcik was found guilty and damages of $10,000 assessed against him. The jury also found that malice was the gist of the action. The release and the draft were signed and delivered long after the judgment was entered against Walter Wojcik and after Peter Wojcik had been found not guilty of the assault and battery charge under Count three. The purpose of Count three was to state a cause of action as the basis for a judgment. It has been usual to classify judgment obligations as contracts of record. See 49 CJS, Judgments, Sec. 6, page 30. At the time of the signing and delivery of the general release Walter Wojcik was a judgment debtor. As a general rule the release of one

231

joint tort-feasor releases all. At the time of the delivery of the release Walter Wojcik was not a joint tortfeasor. He was a judgment debtor.

Victor Zboinsky concedes that the general release operated as a release of Walter Wojcik's liability under the dram shop counts. That proposition is not presented to us on this appeal.

 Appellee says that a valid accord and satisfaction arose when plaintiffs, for $1,500, gave a general release to Peter Wojcik and George Grams. The payment of the $1,500 does not purport to be in satisfaction of the judgment, nor does the release purport to release Walter Wojcik. A judgment is a debt of record. One effect of a judgment is to merge therein the cause of action on which the action is brought, from the date of the judgment. From one point of view the cause of action may be considered merged in the judgment, while from another point of view it may be said that the existence of the cause of action has become *res judicata* by reason of the judgment. The judgment to all intents and purposes takes the place of the cause of action. *Leslie v. Bonte,* 130 Ill. 498. After the entry of the judgment the appellee, Walter Wojcik, ceased to be a joint tort-feasor with the other defendants as to the cause of action which became merged in the judgment.

For the reasons stated the order of the superior court of Cook county entered April 10, 1951, is reversed.

*Order reversed.*

FRIEND and NIEMEYER, JJ., concur.