Cereal Byproducts Company, Plaintiff-Appellant, v. Roy Hall, J. Leonard Penny, et al., Defendants-Appellees.

Gen. No. 47,249.

First District, Third Division.
January 15, 1958.
Released for publication February 10, 1958.

Norman, Engelhardt, Zimmerman & Prince, of Chicago (Harold W. Norman, and William R. Engelhardt, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Gordon R. Close, and Richard E. Mueller, of counsel), for appellees-cross appellants.

PRESIDING JUSTICE BURKE delivered the opinion of the court.

This is an action arising out of the alleged negligence of the defendants in auditing plaintiff's books in 1947 and thereby failing to uncover certain embezzlements. The plaintiff charged that defendants failed to properly perform the audit for the year 1947 and that as a result certain defalcations of their trusted employee and shareholder, Richard Zastrow, went undiscovered. These defalcations were $15,414.32 in 1947, $66,645.05 in 1948 and $13,620.21 in 1949. On a former appeal we reversed a judgment for the defendants and remanded the cause with directions to find them guilty of negligence in making the 1947 audit

and for the trial court to pass on the affirmative defenses. (8 Ill.App.2d 331.) On remand the trial court held that the defendants were liable for the 1948 and 1949 defalcations but were not liable for the 1947 loss of $15,414.32. The court gave the defendants the following credit: (1) Recovery from Eva Swanson (a person to whom the embezzler apparently gave some of the embezzled funds) $7,252.60; (2) Continental Illinois National Bank and Trust Co. of Chicago, $19,500 in settlement of a claim against the bank for wrongful payment of checks; (3) Estate of Richard Zastrow, $5,093.95; (4) Defendants' fee for 1949 audit, $725; and (5) Income tax refund "obtained as a result of embezzlement loss" $26,653.12. Plaintiff appeals from the judgment entered in its favor in the sum of $24,265.59 and asks judgment for $66,333.03. The defendants ask that the original judgment be reinstated, and in the alternative that we find that the trial judge erred in overruling the affirmative defense of release. They say that the rulings on the 1947 losses and the income tax recovery are correct.

■ Plaintiff asserts that the income tax refund of $26,653.12 cannot be considered in mitigation of damages. The defendants answer that the trial court correctly held that the fixed and ascertainable tax benefit received by plaintiff as the result of its employee's embezzlement should be deducted from plaintiff's claim. Whether the plaintiff has received a tax refund on account of its loss is a matter that concerns only the plaintiff and the government. Hall v. Chicago & North Western Ry. Co., 5 Ill.2d 135. See also O'Brien v. Chicago City Ry. Co., 305 Ill. 244, 262–3; Byalos v. Matheson, 328 Ill. 269, 272–3; Majestic v. Louisville & N. R. Co., 147 F.2d 621, 627; Restatement of the Law of Torts, Sec. 920 d and e; Sutherland on Damages, 4 ed. Sec. 158. The defendants did not cause nor did they provide the funds for the tax refund. On defend-

ants' theory every suit for damages would necessitate consideration of the income taxes saved by the plaintiff on account of the loss and taxes payable on account of the recovery. The same principle applies as would apply in the event plaintiff had carried insurance against these embezzlements. Neither payments by the insurance carrier nor tax refunds can mitigate defendants' liability. The insurance carrier would have an interest in the recovery from the defendants just as the federal government has a tax interest in the recovery by plaintiff. We think that the court erred in giving the defendants credit for the income tax refund.

The trial court absolved defendants from liability for the 1947 embezzlements on the ground that this loss occurred before defendants commenced their defective audit and even if defendants had found the embezzlements plaintiff would have sustained that loss. Plaintiff insists that the defendants are liable for the loss caused by the 1947 embezzlements and says that if the defendants had discovered Zastrow's embezzlements by January 20, 1948, when they completed their field work, plaintiff could have recouped its 1947 losses. The trial judge pointed out that some of the funds recovered by plaintiff "may relate to the loss of 1947" and that the claim for the loss during that year "would be a great deal of speculation." We are of the opinion that the finding by the trial judge as to the 1947 loss was proper.

Defendants assert that our prior opinion is unsupported by law or fact, that it should be corrected and that the first judgment in their favor should be reinstated. On remand the trial court entered judgment on the same record previously considered. No new or different facts are presented. Having re-examined our opinion and the authorities cited in the briefs we have decided to adhere to the views therein expressed.

█ Finally, the defendants say that the trial court erred in overruling their affirmative defense of release on the ground that the bank and the defendants are not joint tort-feasors. They argue that in so ruling the court overlooked the fact that whether the defendants are or are not joint tort-feasors is immaterial under the well-established principle that a release of one wrongdoer, which is intended as a complete discharge of the releasee's liability and full compensation for the wrong, will operate to release the others where the injury is single and indivisible. There is no dispute that the injuries suffered by plaintiff were the result of the unauthorized use of checks which either had the name of the payee altered or which had been signed in blank by corporate officers and therefore did not require alteration by the embezzler. On June 14, 1950, plaintiff executed a release in consideration of the payment to it of $19,500 and thereby discharged the bank from any and all claims and demands arising out of the payment by it of checks aggregating $71.173.34. These checks for which plaintiff made claim against the bank, are the identical checks which make up $71,173.34 of the claim against the defendants. We think that the court correctly decided that the release of the bank does not absolve the defendants. The bank was not acting in concert or in cooperation with the defendants. The bank's liability was based upon its contractual obligation to account to plaintiff for the funds improperly dispersed on forged or altered checks. The defendants' liability is for all the damages suffered by plaintiff as the result of defendants' negligence in making the 1947 audit. The settlement with the bank did not purport to nor did it constitute compensation for the entire injury. United States Cold Storage Co. v. Central Mfg. Dist. Bank, 343 Ill. 503, 513; Stella Flour & Feed Corp. v. National City Bank, 285 App. Div. 182, affirmed 308 N. Y. 1023. Since the bank and

83

the defendants were not liable for the same single injury and were in no sense joint wrongdoers, the release does not benefit the defendants. People v. Becker, 253 Ill. 131, 137; Western Tube Co. v. Zang, 85 Ill. App. 63, 65; Zboinsky v. Wojcik, 347 Ill. App. 226, 231–2; Carneghi v. Gerlach, 208 Ill. App. 340, 347.

We think that the trial judge was right in giving defendants credit for the recoveries of $5,093.95 from Zastrow's Estate, $7,252.60 from Eva Swanson and $19,500 from the bank.

The judgment is reversed and the cause is remanded with directions to enter judgment for the plaintiff and against defendants in accordance with the views expressed.

Judgment reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.